AMOCO OIL COMPANY, Plaintiff-Appellee, *v.* MORT A. SEGALL, Defendant-Appellant.

Fourth District   No. 4—83—0222

Opinion filed October 27, 1983.

Philip A. Summers, of Summers, Watson & Kimpel, and Segall Law Offices, P.C., both of Champaign, for appellant.

Zimmerly, Gadau, Stout, Selin & Otto, of Champaign, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff filed a complaint against defendant, an attorney, to recover in excess of $11,000 in credit card charges. The trial court entered final judgement against defendant for the claimed amount as a discovery sanction and subsequently denied defendant's motion to va-

cate the judgment. Defendant appeals the judgment of the circuit court of Champaign County. We affirm.

On appeal defendant argues that the trial court erred (1) in denying him a protective order against plaintiff's scheduled discovery deposition; (2) by denying his motions to quash the deposition and to dismiss on the basis of accord and satisfaction; (3) by entering final judgment against him; and (4) by denying his request to recover fees for appearing at the deposition.

The lengthy chronology of this case is as follows.

On March 21, 1980, plaintiff filed complaint in this action. On April 25, defendant filed a motion to dismiss for want of security for costs alleging plaintiff was a nonresident, with notice of hearing set more than four months later on August 29, 1980.

On May 15, 1980, plaintiff filed interrogatories to be answered by defendant and a request for defendant to admit. Defendant filed an objection to the interrogatories on the basis of the pending motion to dismiss, requested a protective order, and filed notice of hearing for August 29.

On May 28, 1980, plaintiff filed a motion to strike defendant's motion to dismiss and objection to interrogatories, stating plaintiff had a certificate of authority to do business in Illinois; plaintiff set the hearing for June 5, 1980.

On June 2, 1980, defendant filed a motion to strike and vacate the notice of hearing for June 5, because plaintiff did not file notice to vacate his hearing date of August 29. This motion was withdrawn at the hearing on June 5, 1980; defendant's motion was denied, his objections were overruled, and he was ordered to answer interrogatories within 28 days.

On June 23, 1980, defendant filed interrogatories to be answered by plaintiff, a request for production of plaintiff's documents, a motion to dismiss for lack of specificity, and a motion for a protective order. On July 21, 1980, plaintiff filed notice setting hearing on defendant's motions for August 7.

On August 7, 1980, defendant's motion to dismiss was allowed with leave to file an amended complaint by August 28, with defendant to answer and file interrogatories by September 15. On August 26, plaintiff's amended complaint was filed; photocopies of the credit slips and bills on defendant's account were attached. On September 15, 1980, defendant filed answers to interrogatories stating that investigation of the matter was pending, denying all charges except the sum of $455—without identifying which charges were correct and which were not—and asserting payments in excess of that amount. Defend-

ant filed a motion to dismiss and a countercomplaint for an accounting on the same bases.

On October 8, 1980, plaintiff filed an answer to defendant's countercomplaint. Eight and one-half months later, on June 26, 1981, plaintiff filed response to defendant's request for production of documents (charge slips and bills previously attached to complaint).

On July 9, 1981, plaintiff filed response to defendant's interrogatories, again attaching copies of the documents previously made available for inspection, and notice of hearing on defendant's motion to dismiss set for August 26.

On August 26, 1981, a hearing was held before Judge Nicol. Plaintiff filed an affidavit in opposition to defendant's motion to dismiss. Defendant's motion was denied and defendant was ordered to answer or plead by September 11, 1981. On September 4, 1981, defendant filed an answer denying the allegations of the complaint.

On April 8, 1982, plaintiff filed notice to take the discovery deposition of defendant Segall on April 28. Segall did not appear at the April deposition.

On May 20, 1982, plaintiff filed a motion to compel discovery, stating defendant's counsel called on April 27 and said defendant was on vacation. A hearing date of June 22 was set. On June 22, 1982, plaintiff's motion was allowed and defendant was ordered to appear for discovery deposition on July 7, 1982. Defendant was represented at this hearing by attorney Philip A. Summers.

On July 1, 1982, defendant filed a motion for a protective order stating that defendant was a Florida resident and it would constitute an unreasonable annoyance and expense for him to come to Illinois; the motion requested the court require plaintiff to pay defendant's reasonable travel expenses or, in the alternative, modify the order of July 7, 1982, and order plaintiff to take defendant's deposition in Florida. In support, defendant filed the affidavit of Barbara Butts stating Segall was a Florida resident and it would constitute an unreasonable annoyance and expense for him to come to Illinois.

Defendant did not appear at the discovery deposition on July 7.

On August 12, 1982, plaintiff filed a motion to strike defendant's pleadings and enter judgment by default for $11,130.38, and a notice setting hearing on the motion for August 27.

On August 27, 1982, upon defendant's objections, Judge Nicol reallotted the hearing for September 10, 1982. On September 8, 1982, defendant filed a reply to the motion for judgment on the pleadings, arguing that under Supreme Court Rule 204(a)(2) (87 Ill. 2d R. 204(a)(2)) defendant must be tendered expenses before his deposition;

and set this reply and the motion for a protective order, filed more than two months earlier, for hearing on September 10, 1982. At the hearing the motions were taken under advisement.

On October 7, 1982, Judge Nicol entered a written order denying the motion for a protective order, entering judgment on liability for defendant's failure to comply with the discovery order, striking defendant's counterclaim and prohibiting him from filing additional counterclaims, and ordering defendant to appear for a discovery deposition as scheduled by plaintiff. The judge concluded defendant's position was ill-founded:

"2. First, [defendant's] request is untimely, coming two months after he has failed to appear for his deposition *as ordered by the Court* on June 22, 1982. His deposition was noticed initially by the Plaintiffs for April 28, 1982, by a notice sent to Defendant's law office and to his counsel of record on April 8, 1982. Defendant filed no Motion for Protective Order but simply failed to show up at the deposition, representing through his attorney that he was *on vacation*. A hearing on Plaintiff's motion to compel Defendant's attendance at his deposition was noticed for June 22, 1982, by notice mailed on May 18, 1982. Yet, Defendant filed no Motion for Protective Order prior to the hearing June 22, 1982. It is transparent that the Defendant's Motion is not only untimely, but calculated to delay the orderly progress of this case. Although he filed it on July 1, 1982, he failed to call it for hearing prior to the deposition or until two months later. The Court has no obligation to set a hearing on the motion automatically or to rule upon it *sua sponte*.

3. Second, because the Defendant failed to comply with the Court's order to attend his deposition on July 7, 1982, and neither obtained nor even actively sought relief from a modification of that Order, he is not entitled to the protective powers of the Court. One should not be permitted simultaneously to defy the Court and to enjoy its protection. Mere filing of a motion, followed by inaction is not sufficient.

4. Thirdly, the Defendant is not a non-resident qualified for the protection of Supreme Court Rule 203. Defendant's bald assertions of non-residency do not establish that status. Nor is it established *when* he claims to have become a Florida resident relative to the sequence of events in this case. The affidavit of Barbara Butts is utterly devoid of facts relevant to the substance of the issues and to the foundation necessary to demon-

strate why the Court should believe that she has personal knowledge of relevant facts.

5. Finally, since the Defendant has filed a number of pleadings in this case on his own behalf showing a Champaign, Illinois address for his law office, it is patently clear that he transacts business in person or is employed in Champaign County and may properly be required to attend his deposition here. Moreover, in filing a Countercomplaint [sic] for Accounting, the Defendant has assumed the status of a Plaintiff and subjected himself to a Court's order for deposition, even if he were a non-resident.

6. In his Reply to Motion for Judgment of the Pleadings, the Defendant's attorney made reference to 'an affidavit of Defendant in support' which was 'tendered with this Motion and Brief.' No such affidavit has been filed, although the Reply itself is on file.

7. The Plaintiff has requested that Defendant's pleadings be stricken and judgment entered against him as a sanction for failing to comply with the Court's order that he attend his deposition on July 7, 1982. Although such a sanction should be imposed with the greatest reluctance, the Court concludes that no other sanction would be just or adequate and that the sanction requested is compelled by the Defendant's conduct. Notwithstanding the fact that a judgment on all issues would be [an] appropriate sanction in this case, the Court is constrained to leave open the issue of the amount of damages claimed by Plaintiff, so as to afford the Defendant one final opportunity to litigate the essential merits of this case. To preserve this opportunity, the Defendant's future conduct of this case will have to be forthright and forthcoming. This Court need not and will not tolerate further footdragging on the part of the Defendant.

8. Supreme Court Rule 219(c) outlines the sanctions available to the Court upon a party's failure to comply with a Court order concerning discovery. These sanctions are inherently severe—certainly more severe than those provided in subpart (a) of that rule upon a refusal to answer certain questions. The severity is justified by the fact that the party has had ample opportunity to submit the dispute to the Court and has now been ordered by the court to respond in a definite and certain manner. The party's failure to do so cannot be taken lightly lest the progress of discovery, and, in fact, the orderly administration of justice, be in jeopardy.

9. The Court notes that on no occasion in this proceeding has the Defendant demonstrated a good faith effort to arrange for the Plaintiff to take his deposition. In not one pleading filed with the Court has the Defendant identified a date or period when he would be available for his deposition. During oral argument before this Court, no date was suggested—in fact, no solution of any kind was offered. In effect, the Defendant has insisted on being coerced to attend his deposition. The Court regrets having to accommodate the Defendant, but finds there is no alternative reasonably likely to be effective."

On October 20, 1982, plaintiff filed a notice of discovery deposition, setting defendant's deposition for November 5, 1982. On October 25, 1982, defendant filed another motion for a protective order requesting $500 in travel expenses or, alternatively, that arrangements be made to take defendant's deposition in Florida. Attached was an affidavit, notarized by attorney Charl Stowe on August 9, 1982, with defendant's signature affixed by stamp, stating: "That Affiant's wife has been since on or about January of 1982, and is now, suffering from a serious terminal illness requiring medical care and treatment out of the State of Illinois and as a result, Affiant has been, is now, and will in the future be unable to be present in the State of Illinois." Defendant also filed a motion to amend, modify, and set aside the court's October order on the basis of Segall's affidavit.

On November 1, 1982, Judge Nicol conducted a hearing on pending motions. Defendant's affidavits were stricken on plaintiff's motion with leave to file amended affidavits before December 1, 1982. Argument was heard on defendant's second motion for a protective order. The motion was denied.

On November 5, 1982, defendant presented himself at the office of plaintiff's counsel for the scheduled discovery deposition. The examination, however, was cut quite short:

"Q. [By plaintiff's counsel] Would you state your name and address for the record, please.

A. Mort A. Segall.

[By defendant's counsel, Philip Summers, to plaintiff's counsel] *** before we go any further, I want to, at this time, make a record in accordance with Supreme Court Rule 206. And the purpose of the making of this record is that we are objecting to the taking of this deposition at this time, and we are demanding that it be suspended until a proper order can be presented to the Court. And I want to ask Mr. Segall here a few questions, for the purpose of those objections."

Summers then questioned Segall about his wife's illness and medical treatment and about a letter and check allegedly sent to plaintiff settling the debt. Since defendant's counsel would not allow plaintiff to ask any questions, he requested defendant and his counsel leave the premises. Summers continued making a record at his office with Segall and a transcriptionist they had taken to the deposition.

On November 10, 1982, defendant filed (1) a motion to quash the deposition under Supreme Court Rule 206(d), stating the suit had been settled, plaintiff knew, or should have known, the suit had been settled, and requesting reimbursement for travel expenses, attorney fees and other costs; (2) a copy of the transcription of deposition and record made November 5, 1982; (3) a motion to dismiss based upon the alleged settlement, accompanied by Segall's affidavit stating he had full knowledge of a letter and cancelled check, copies attached, sent to plaintiff at his direction. The letter, dated October 4, 1982, addressed generally to Amoco in Des Moines, Iowa, referenced this litigation and stated that cashing the enclosed check of $48.76 would constitute full settlement of the company's claims against him. The back of the check carried the typed legend: "Acceptance, negotiation or endorsement of this draft shall constitute a full and final release in settlement of all claims and causes of action for Acct. No. 581—200—764—8 in the name of Mort A. Segall."

On November 17, 1982, defendant filed a notice of hearing on his motions on December 14, 1982. On December 10, 1982, plaintiff filed a response to defendant's motion to dismiss, asserting (1) there was no accord and satisfaction; (2) plaintiff was represented by counsel throughout the proceedings, did not agree to settle the case, and was not aware of the alleged settlement until November 5, 1982; (3) no agent of plaintiff settled the matter; (4) plaintiff receives 90,000 checks per day which are endorsement-stamped by machine automatically. Affidavits by plaintiff's counsel and by Amoco's remittance department supervisor, Mark Labadie, were attached. Labadie's affidavit described the method by which checks were processed and stated any correspondence arriving at the processing center with a check is kept and filed with the business records of the company. He said the company's records showed that on October 27, 1982, Amoco received a check in the amount of $48.76, credited to defendant's account and processed using the described automatic processing equipment; business records showed no correspondence attached to the check; no agent or employee was aware of any restriction on the back of the check; and no agent or employee agreed to settle the claim.

On December 16, 1982, Judge Nichol conducted a hearing on the

motions. Defendant filed a motion to strike the affidavits of plaintiff's counsel and Labadie. Defendant's motions to dismiss and to quash the deposition were denied; plaintiff's motion for entry of final judgment was allowed and judgment in the amount of $11,081.62 was entered. The court found plaintiff entitled to costs for the deposition and took defendant's claim for fees in attending the deposition under advisement. Judge Nicol gave the following explanation for his ruling:

"There is no presentation justified of a finding of any bad faith on the part of the plaintiff with respect to the deposition. *** I would make a finding that there is nothing raised in the record that constitutes an unreasonable annoyance or embarrassment or oppression of the defendant in the taking of his deposition. The fact is clear that he was present at his deposition, that plaintiff's counsel was prepared to proceed with it and he refused to permit [it] to proceed. So notwithstanding all of the allegations both in affidavit form apparently and in his deposition version that he could not possibly attend a deposition because of ill health of his wife, there he was, and he refused to let it proceed. I can only say at this point that conduct on his part constitutes less, far less than what the Court would have required of him to permit him to go forward with this case on a contested basis. *** On the basis of the record at this point I think that the Court has absolutely no other recourse but to terminate the contested portions as much as the Court may since the contested portions can not be apparently responded to by the defendant in any good faith or anything approaching it. I think that the Court cannot let it go on indefinitely and has probably let it go on far too far in this case, may have over indulged the defendant, but I guess at this point he had made his record to establish that the court has been more than generous to the defendant in giving him an opportunity to litigate this case, [than] Illinois law would require him."

On January 4, 1983, after the filing of authorities, Judge Nicol entered a written order denying defendant's request for fees under section 47 of "An Act concerning fees and salaries" (Ill. Rev. Stat. 1981, ch. 53, par. 65).

On January 14, 1983, defendant filed a motion to vacate the judgment, urging error in denying a protective order, denying his expenses, denying motions to quash the deposition and to dismiss, and in entry of final judgment. On February 14, 1983, plaintiff filed a response to the motion to vacate and a notice setting a hearing on defendant's motion for February 16, 1983.

On February 16, 1983, Judge Nicol took the matter under advisement. On February 23, 1983, the court denied defendant's motion to vacate judgment.

We first consider defendant's argument that the court erred in denying his request for a protective order. Supreme Court Rule 201(c)(1) (87 Ill. 2d R. 201(c)(1)) provides the court may issue a protective order as justice requires. This provision is directed to the discretion of the trial court; that decision will not be overturned absent abuse of discretion. On appeal, defendant urges that his description of his wife's illness and treatment amply documents his hardship and qualification for a protective order. We disagree.

■■ ■ While unfortunate circumstances may on occasion warrant issuance of a protective order and temporary delay of legal proceedings, such circumstances do not entitle a party to suspend proceedings for an indeterminate period of time. Defendant argues he sought not to challenge the court's reasoning but to present the court with satisfactory foundation and documentation; upon review of the record, we find that defendant's efforts fall far short—both in timeliness and substance—of that which might reasonably be expected to substantiate the need for a protective order. Although he stated on November 5, 1982, that his wife has been seriously ill since at least February 1982, defendant did not suggest this as a basis for his request for a protective order until October 25, 1982. Instead, defendant requested that plaintiff advance his travel expenses between Florida and Illinois. Defendant's affidavit pertaining to his wife's ill health, dated August 9, 1982, by the notary, was not brought to the court's attention at the September 10, 1982, hearing on defendant's motion for a protective order; the illness was not mentioned until the second motion for a protective order was filed October 25, 1982. At one point, defendant made the alternative request that plaintiff's action be stayed permanently. Defendant never offered a time at which he would submit to a discovery deposition. Upon this record, we cannot say the trial judge abused his discretion in denying defendant's requests for a protective order.

■■ Defendant further argues that the court's failure to set his motion for a protective order, filed July 1, 1982, for a hearing automatically, or rule upon it *sua sponte*, was error. Defendant cites no authority for this proposition and none was found. We conclude, as did Judge Nicol, that once a party files a motion for a protective order, he is required to set the motion for a hearing or suffer the consequences.

Defendant's second argument is that the trial court erred by denying his motions to quash the deposition and dismiss the case. Under

Supreme Court Rule 206(d) (87 Ill. 2d R. 206(d)), a deposition may be terminated "upon a showing that the examination is being conducted in bad faith or in any manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." In considering defendant's motion to quash the deposition, the trial judge ruled that the matters raised by defendant did not justify a finding in his favor on either ground; we agree.

██ █ We next consider defendant's motion to dismiss on the basis of accord and satisfaction. It has been held many times that to constitute an accord and satisfaction there must be an honest dispute between the parties, a tender with the explicit understanding of both parties that it was in full payment of all demands, and an acceptance by the creditor with the understanding that the tender is accepted in full payment. (*Farmers & Mechanics Life Association v. Caine* (1906), 224 Ill. 599, 79 N.E. 956; *Hennecke v. Warp* (1952), 347 Ill. App. 425, 107 N.E.2d 185.) We need not consider whether there was an honest dispute between the parties, whether sending the check into the stream of monthly bill payments constituted bad faith, or whether cashing a debtor's check sent in this fashion constitutes assent as a matter of law; the trial court did not reach these questions. The court denied the motion on evidentiary grounds; accord and satisfaction was not sufficiently established. We cannot say this ruling was error. Plaintiff stated the letter purportedly sent with the check was not received; defendant's account was credited in the amount of the check; no one at the firm was aware of any restriction on the back of the check. Defendant said the check and letter were sent at his direction but both were signed by Barbara Butts, apparently while defendant was in Florida, and defendant made no claim that Ms. Butts was there; the record contains no statement by Ms. Butts as to when and where the letter was sent, when the check was sent, or when the limitation was typed thereon.

We next consider whether the court erred by entering final judgment as a discovery sanction. Defendant purported to suspend the discovery deposition of November 5, 1982, pursuant to Supreme Court Rule 206(d). He argues that the rule does not authorize entry of judgment as an appropriate sanction for exercising the right to suspend a deposition to present a motion; and, if the motion is denied, the deposition must be resumed, with the only sanction available to the court being an order for expenses and attorney fees against the deponent. Defendant is mistaken in his view of Rule 206(d).

██ Under Supreme Court Rules, the trial court has broad powers to supervise the discovery process. Supreme Court Rule 219 expressly

provides that if a party unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these Rules, the court, on motion, may enter appropriate sanctions—including entry of judgment against the party, dismissal of his suit with prejudice, and an award to the other party for reasonable expenses incurred because of the misconduct. (87 Ill. 2d R. 219(c).) Imposition of sanctions under Rule 219 is a matter within the discretion of the trial court; the reviewing court will uphold the decision absent an abuse of discretion. Since the trial court is in the best position to determine whether the party's conduct amounts to deliberate or contumacious flouting of judicial authority, this discretion should be afforded considerable deference.

In addition, the nature of the decision supports respect for the ruling, as the trial judge is required to balance competing considerations: the purpose of sanctions is to accomplish the object of discovery and not to punish recalcitrant litigants (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6); but courts have an interest in promoting the unimpeded flow of litigation, which requires that careful attention be paid to the prompt and orderly handling of discovery. Discovery for all parties will not be effective unless trial courts do not countenance violations, and unhesitatingly impose sanctions proportionate to the circumstances. (*Buehler v. Whalen* (1977), 70 Ill. 2d 51, 374 N.E.2d 460.) By serving notice that discovery is a serious phase of litigation and not an exercise in tactics, sanctions promote the flow of litigation and preserve the court's role in expediting that flow.

In our view, the trial court demonstrated utmost patience with defendant's conduct in this case. Defendant had ample opportunity to avoid the sanction of which he complains. The judge's October 1982 order made clear the court's displeasure with defendant's defiance of the June 1982 order to appear for deposition on July 7. Moreover, defendant cannot argue that his actions at the scheduled deposition on November 5, 1982, were made in good faith. He appeared but refused to answer plaintiff's questions. Had defendant any interest in complying with the orders of the trial court, he would have answered the questions of plaintiff's counsel and thereafter concerned himself with making a record to support reimbursement for travel expenses and dismissal of the case.

■■ ■ Extreme disregard of the court's authority is not to be rewarded and warrants severe sanction. *Fine Arts Distributors v. Hilton Hotel Corp.* (1980), 89 Ill. App. 3d 881, 412 N.E.2d 608; see also *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.*

(1975), 25 Ill. App. 3d 529, 323 N.E.2d 493; *Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435, and *North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664 (awarding attorney fees); *Lynch v. Mullenix* (1977), 48 Ill. App. 3d 963, 363 N.E.2d 645 (awarding costs).

Defendant's last argument is that the court erred by denying his request to recover fees, under statutory language pertaining to fees of witnesses (Ill. Rev. Stat. 1981, ch. 53, par. 65), for appearing at the deposition site on November 5, 1982. The court found as follows:

"1. The motion should be denied because the plaintiff has been awarded a judgment against this defendant in this case that entitles the plaintiff to recover the claimed witness fee if it were paid. It would be absurd to require the plaintiff to pay it to the defendant in order to recover it from the defendant.

2. The motion should also be denied because the defendant did not attend the deposition for the purpose of answering proper questions put to him by the plaintiff's attorney but attended for some other, self-serving purpose. The plaintiff should not have to pay fees and travel costs for any witness who fails to engage in good faith cooperation with the deposition procedure."

The statute states "Every person attending for the purpose of having his deposition taken shall receive the same per diem and mileage as provided in this section for witnesses in circuit courts ***." Judge Nicol found defendant did not attend for the purpose of having his deposition taken. Suffice it to say we agree with the court's order and reasoning.

Errors raised for the first time in the reply brief are waived.

Finally, defendant asserts in his reply brief that he "has used but not abused the Supreme Court Rules and the Code of Civil Procedure." We are constrained to comment that defendant's conduct in this case strains reasonable interpretation as to proper use of legal processes.

Affirmed.

MILLS and MILLER, JJ., concur.