LEO F. ZIMMER *et al.*, Plaintiffs-Appellants, v. EUGENIO J. MELEN-DEZ, Defendant-Appellee.

Second District   No. 2—91—0443

Opinion filed December 17, 1991.—Rehearing denied January 22, 1992.

GEIGER, J., dissenting.

John Bernard Cashion and Robert H. Hanaford, both of Chicago, for appellants.

Clifford M. Panek and Keely Truax, both of Parrillo, Weiss & O'Halloran, of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Leo and Lavergne Zimmer, appeal from a jury verdict against defendant, Eugenio J. Melendez, for $2,500. The issues on appeal are (1) whether the trial court erred in refusing to tender plaintiffs' jury instruction defining "society and companionship" for loss of consortium; (2) whether the trial court erred in barring evidence of future medical treatment and expenses; and (3) whether damages awarded to plaintiffs were inadequate. We affirm in part, reverse in part and remand.

On February 12, 1989, plaintiffs, residents of Wisconsin, were driving southbound on Skokie Valley Highway in Highland Park, Illi-

nois, on their way to Florida. The vehicle was stopped for a light at the intersection of Skokie Valley Highway and Clavey Road. While stopped, the plaintiffs' vehicle was hit by the defendant's vehicle. Defendant's vehicle sideswiped the right side of plaintiffs' vehicle after careening off a truck. Defendant had also been traveling southbound.

The police arrived and completed the accident report. Leo did not indicate to the police officer that he hurt his shoulder, but mentioned a sore back. The plaintiffs' vehicle was towed away. The vehicle was repaired in approximately seven hours, and plaintiffs continued on to Florida. While in Florida, Leo experienced shoulder pain. His daughter, a nurse, put hot packs on his shoulder to help relieve the pain. Leo did not see a doctor during the five-week period he remained in Florida.

After returning to Wisconsin, Leo went to a general practitioner, Dr. Asinas. Dr. Asinas told Leo that he had a sprained shoulder. In April 1989, Dr. Asinas referred Leo to Dr. Shivaram, an orthopedic surgeon. Dr. Shivaram testified that Leo had full range of motion with his right shoulder, but was experiencing pain. Dr. Shivaram's diagnosis was a rotator cuff tear. Leo saw Dr. Shivaram three more times, the last time in August 1989. The condition of Leo's shoulder was unchanged. Dr. Shivaram's prognosis was a 10% permanent partial disability of the right shoulder.

Dr. Shivaram also testified at his evidence deposition that he believed Leo needed to have surgery to repair the torn rotator cuff. He opined that the cost of the surgery would be about $5,000 to $6,000. This evidence was barred by the trial judge and not read to the jury at trial.

Leo sought no additional medical treatment after August 1989. He testified that he had difficulty performing routine tasks and his recreational skills had diminished. Leo also testified that his condition affected his ability to work on his lawn care business.

Plaintiffs filed suit on February 23, 1990, seeking compensation for Leo's medical expenses, pain and suffering and lost wages. Count II of the complaint sought loss of consortium damages for Lavergne. The trial commenced on January 29, 30 and 31, 1991, solely on the issue of damages. The jury awarded Leo $2,500 for his special and general damages. Lavergne was awarded nothing for loss of consortium. Post-trial motions were denied on March 22, 1991. Plaintiffs filed a timely appeal.

First, the court will address a procedural matter raised by the defendant. Defendant argues in his brief that the plaintiffs' statement

of facts and arguments which cite to the record should be stricken because the record was not properly certified. Defendant was not served with a copy of plaintiffs' written request for preparation of the report of proceedings. Also, defendant was not notified by the court reporter that the report of proceedings was complete and ready for filing. Defendant argues that plaintiffs' actions violated Supreme Court Rules 323(a) and (b) (134 Ill. 2d Rules 323(a), (b)). Defendant claims that he was prejudiced by this error in that this court has before it an incomplete and uncertified record.

This argument is essentially the same argument presented in defendant's motion to strike plaintiffs' brief or dismiss the appeal. The motion was filed two days after the defendant's brief was filed. The motion was denied by this court.

■■ Certification of the report of proceedings is not a jurisdictional requirement to an appeal. (*Sakellariadis v. Spanos* (1987), 163 Ill. App. 3d 1084, 1088.) A reviewing court may treat the report of proceedings as certified if no prejudice is alleged by the appellee. (*Sakellariadis*, 163 Ill. App. 3d at 1088.) Defendant has alleged prejudice, but we have reviewed the entire report of proceedings and find it to be complete. No prejudice will result in treating the report of proceedings as properly certified.

The first substantive issue we will address is plaintiffs' contention that the trial judge erred in refusing to tender a jury instruction defining "society and companionship." On September 30, 1991, this court granted a motion allowing plaintiffs to supplement the record to include a copy of the tendered and refused jury instruction. As such, the disputed instruction is part of the record.

Plaintiffs argue that the phrase "society and companionship" is not a phrase of common usage. Thus, the jurors needed the phrase defined in an instruction. Plaintiffs cite *Singh v. Air Illinois, Inc.* (1988), 165 Ill. App. 3d 923, a wrongful death case in which "society" was defined in an instruction. The Appellate Court, First District, found the definition generally reflected that of "society" in wrongful death actions and allowed the instruction. *Singh*, 165 Ill. App. 3d at 933.

■■ The trial court has considerable discretion to determine the form in which jury instructions shall be given. (*Soderquist v. St. Charles Mall Associates, Ltd.* (1988), 177 Ill. App. 3d 207, 222.) The existence of a pattern instruction does not automatically preclude the use of a nonpattern instruction. (*Soderquist*, 177 Ill. App. 3d at 222.) But, a party has no right to submit an instruction if another instruc-

tion has adequately covered the subject. *Reed v. Northwestern Publishing Co.* (1988), 124 Ill. 2d 495, 520-21.

Here, plaintiffs' tendered and refused instruction No. 8 was a nonpattern jury instruction:

> "When I use the expression 'society and companionship' I refer to the broad range of family benefits which one member receives from the other including love, affection, attention, comfort, protection and services."

Plaintiffs' instruction No. 7, which was given by the trial court, was a modification of Illinois Pattern Jury Instructions, Civil, No. 32.01 (3d ed. 1991) (hereinafter IPI Civil 3d), which included a claim for loss of consortium:

> "The reasonable value of the society and companionship with her husband of which she has been deprived [and] the society and companionship with her husband of which she is reasonably certain to be deprived in the future."

This phrase is similar to IPI Civil 3d No. 32.04, which defines loss of consortium:

> "The reasonable value of the society, companionship and sexual relationship with his wife of which he has been deprived [and the society, companionship and sexual relationship with his wife of which he is reasonably certain to be deprived in the future]."

■ "Society" in IPI Civil 3d No. 31.11, an instruction in wrongful death cases, is defined to include "companionship." All other instructions in the wrongful death section of the instructions manual refer only to "loss of society," necessitating a definition of the term "society" for laymen. In plaintiffs' instruction No. 7, "loss of consortium" is defined as the value of "society *and companionship*." (Emphasis added.) The inclusion of the term "companionship" makes the definition of "loss of consortium" understandable to a layman. Thus, we hold that the trial judge did not abuse his discretion in disallowing plaintiffs' instruction No. 8 defining "society and companionship."

■ Plaintiff next contends that the trial court erred in barring evidence of future medical treatment and expenses. In the appendix of his brief, defendant includes copies of defendant's request for production and plaintiffs' answers to interrogatories. These are the same items that defendant attempted to make part of the record on appeal in his motion to supplement the record. The motion was denied without prejudice. Defendant was allowed to refile the motion with an affidavit stating that the materials to be added to the record were originally filed with the trial court. This was not done. Attachments to

briefs not included in the record are not properly before the reviewing court and cannot be used to supplement the record. (*People v. Lutz* (1982), 103 Ill. App. 3d 976, 979.) Thus, the court will not rely on material in the appendix or the references to those materials within defendant's brief.

The trial judge barred the evidence of future medical treatment and expenses because plaintiffs' pretrial attorney allegedly unreasonably refused to comply with discovery. Plaintiffs had a different attorney who tried the case. The pretrial attorney allegedly did not produce for defendant's counsel a letter written by Dr. Shivaram that stated Leo needed surgery and that it would cost $5,000 to $6,000. Plaintiffs' pretrial counsel sent the letter to representatives of Safeway Insurance Company, defendant's insurance company, when an earlier settlement was being discussed.

Further, plaintiffs allegedly failed to inform defendant of future medical procedures and expenses in answers to defendant's interrogatories. Defendant asked plaintiffs to "[s]tate any and all other expenses or losses you claim as a result of said occurrence." Plaintiffs' answer included only additional expenses incurred by plaintiffs on their drive to Florida as a result of the accident. Those expenses were additional hotel and meal bills.

In contrast to plaintiffs' failures above, defendant's counsel had in his possession a copy of a medical report completed by Dr. Shivaram on June 13, 1990. This was received in response to defendant's request for production of documents. In it, Dr. Shivaram writes that Leo "shows evidence of rotator cuff tear" and that "rotator cuff repair [is required]."

■ Supreme Court Rule 219(c) provides that if a party unreasonably refuses to comply with discovery, the court may, among other remedies, bar a witness from testifying about the issue in question. (134 Ill. 2d R. 219(c).) Imposing sanctions is a matter within the trial court's discretion and should not be disturbed on review unless the court abused its discretion. (*Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 196.) The purpose of the sanctions is to effect discovery, not to punish the uncooperative party. (*Kubian*, 178 Ill. App. 3d at 196.) Factors which may be used to determine the propriety of sanctions include:

> "[T]he surprise to the opposing party, the prejudicial effect of the testimony, the diligence of the opposing party in seeking discovery, timely objection to the testimony and the good faith of the party offering the testimony. [Citation.] No one factor is

determinative." *Hawkins v. Wiggins* (1980), 92 Ill. App. 3d 278, 283.

█ Using the above-described factors, we find that the trial court abused its discretion in barring evidence of future medical treatment and expenses. Defendant's counsel could not have been very surprised when Dr. Shivaram testified at his evidence deposition that Leo needed shoulder surgery. Defendant's counsel had in his possession a medical report completed by Dr. Shivaram stating that "rotator cuff repair" was required. This was produced by plaintiffs' counsel on December 14, 1990, over one month before Dr. Shivaram's evidence deposition.

Also, the prejudicial effect of Dr. Shivaram's testimony is minimal because the need for rotator cuff repair was already disclosed. Defendant was not aware that future shoulder repair would cost $5,000 to $6,000. But with the knowledge that surgery was needed, defendant could have discovered the cost of surgery. He could have propounded a supplemental interrogatory or deposed Dr. Shivaram for discovery purposes before taking his evidence deposition on January 17, 1991.

Defendant argues that he asked for the cost of surgery in one of his interrogatories. The interrogatory in question asked plaintiffs to "[s]tate any and all other expenses or losses as a result of said occurrence." Plaintiffs interpreted the interrogatory as asking what consequential damages were suffered as a result of the accident, such as additional hotel and meal expenses. This interpretation of the interrogatory is not unreasonable based on the open-endedness of the question. Rule 219(c) allows sanctions for "unreasonably" refusing to comply with discovery. We find that the answer to this interrogatory was not a conscious refusal to comply with discovery.

A main point of dispute between the parties is the letter written by Dr. Shivaram to plaintiffs' pretrial counsel, which was sent to the Safeway Insurance Company. Plaintiffs argue that defendant's counsel is "house counsel" for Safeway, so counsel must have obtained a copy of the letter. Although there is no evidence to support that claim, the mere fact that the letter was sent to Safeway shows that plaintiffs were not hiding the letter. We do not condone the conduct of plaintiffs' pretrial counsel in failing to produce the letter directly to defendant's counsel. But, this error does not constitute bad faith on plaintiffs' part or an unreasonable refusal to comply with discovery. Thus, we hold that the trial court abused its discretion in barring evidence of future medical treatment and expenses.

Plaintiffs' final contention is that the damages awarded to them were inadequate. In light of our resolution of the issues discussed above, we need not reach this issue.

The ruling of the trial court on plaintiffs' instruction No. 8 is affirmed. The trial court's ruling barring evidence of future medical treatment and expenses is reversed. The judgment of $2,500 for plaintiffs is vacated. The cause is remanded for further proceedings.

BOWMAN, J., concurs.

JUSTICE GEIGER, dissenting:

I respectfully dissent. If our system of judicial dispute resolution is to function effectively, it is crucial that the parties availing themselves of that system deal with each other in good faith. The rules that govern pretrial discovery were conceived to provide each side with full disclosure of the underlying facts in a case so that both sides can realistically evaluate the case. The days of trial by ambush should be long past, and complete disclosure should be the norm.

In the present case, there is no doubt that the plaintiffs failed to set out the claimed future medical treatment or its anticipated cost in answers to the defendant's interrogatories. The trial court evaluated that omission at the hearing on a properly made motion to bar and determined that the plaintiffs' conduct required the sanction of barring the testimony.

It is the trial judge who has the responsibility of managing the trial call. (*Amoco Oil Co. v. Segall* (1983), 118 Ill. App. 3d 1002, 1012.) It is the trial judge who has day-to-day familiarity with the parties' conduct in the case and who can best decide if the discovery rules' spirit is being respected. This court should intervene only if the trial court has clearly abused its discretion either in evaluating compliance with discovery (see *Webb v. Angell* (1987), 155 Ill. App. 3d 848, 860), or in setting proper sanctions when it has determined that there are discovery violations (*Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 196).

Here, the majority would find that the trial judge abused his discretion. With that finding it may, in fact, be ruling that, as a matter of law, production of a medical report to the defendant's insurance company prior both to filing of litigation and to the defendant's retention of counsel satisfies subsequent discovery related to all items so

produced. I believe that that ruling is well beyond the scope of the existing rules.

I am aware of no authority that an insured should be charged with knowledge of information in the hands of his insurance carrier. I also am unaware of authority that considers an insurance company to be an agent for its insured. Further, the supreme court rules do not provide for a party in litigation to answer interrogatories by sending copies to an insurance company which is not itself a party to the litigation. This court should not create a rule of law that the transfer of information to a defendant's insurer satisfies the requirements of discovery and renders a trial court's decision to the contrary an abuse of discretion.

If the majority does not intend to create a new rule of law, I believe that it is then reevaluating the facts in the case and concluding that the trial court was wrong in its determination of the good faith of the plaintiff. In that case, I believe that the court ignores the applicable standard of review. I would find that there is sufficient evidence to support the lower court's determination that there was a lack of good faith and would affirm the court's discovery sanction.