WALLACE F. LANGE, a Disabled Person, by Betty Lange, his Guardian, Plaintiff-Appellee, v. PAUL M. MISCH, Defendant-Appellant (John T. Henry et al., Defendants).

Fourth District No. 4—91—0803

Opinion filed August 13, 1992.

Richard L. Fenton and Gerald E. Fradin, both of Sonnenschein, Nath & Rosenthal, of Chicago, and Gregory L. Barnes, of Gregory L. Barnes, Ltd., of Decatur, for appellant.

Daniel G. Deneen, of Deneen & Deneen, of Bloomington, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiff, Wallace F. Lange, through his guardian, sued several defendants for various claims, including a contract action based on several notes issued to Lange by the defendants. Three of the defendants, Paul M. Misch, United States Capital Corporation of Delaware (USCC-Delaware), and United States Capital Corporation of Arkansas (USCC-Arkansas), failed to answer Lange's complaint. A default judgment was entered against the defendants for $249,545.39. USCC-Delaware and Misch filed a motion to vacate the default judgment, which the trial court granted. The default judg-

ment against USCC-Arkansas remained in effect. At a supplemental hearing on a citation to discover assets of USCC-Arkansas (at which Misch did not appear), the trial court pierced the corporate veil of that entity and entered a judgment against Misch. Misch thereafter filed a motion to vacate that judgment, which the trial court denied. Misch appeals, arguing that the trial court erred in piercing the corporate veil and entering a judgment against him personally. We reverse and remand for further proceedings.

## I. FACTS

This lawsuit arose out of transactions between Misch and Lange beginning in 1985. In June 1989, Lange filed this action against several defendants, including Misch individually, USCC-Delaware, and USCC-Arkansas, alleging claims on certain promissory notes. In March 1990, the complaint was dismissed with leave to amend on the ground that Lange, who had been declared an incompetent, could not maintain the action in his own right. In August 1990, Lange, through his guardian, filed a first-amended complaint.

According to the first-amended complaint, Misch, an attorney licensed to practice law in Illinois, operated law offices in McLean and Cook Counties in Illinois, on an individual basis and through USCC-Delaware. At all times during Lange's relationship with Misch, Lange suffered from Alzheimer's disease, which affected his capacity to make rational business decisions. Misch allegedly was aware of Lange's condition during their entire business relationship.

According to count II of the first-amended complaint, Misch controlled and dominated USCC-Delaware and USCC-Arkansas. He allegedly (1) failed to keep proper corporate records and to maintain the separate legal and financial integrity of the corporation, and (2) commingled corporate funds with his own. Misch purportedly made and delivered to Lange three promissory notes for $160,000, all having since come due. No portion of these notes has ever been paid.

Count III of the first-amended complaint alleged the following. Misch and "Misch and Associates" handled various legal matters for Lange and an attorney-client relationship developed between Misch and Lange. In 1985, Misch represented to Lange that good investments were available to Lange and that he should loan money to certain entities which would eventually repay their debt obligations. Based on Misch's representations that these entities were viable and good investments, Lange loaned various sums of money to the entities and also provided them collateral to secure loans ob-

tained from other investors. As the entities failed to make their loan payments, Lange's collateral was sold. No part of his loans was ever repaid. At all times, these entities were owned, operated, and controlled by Misch, and he used them to defraud Lange and other investors through misrepresentations. Lange lost more than $400,000 by investing in these fictional legal entities.

In October 1990, the trial court ordered "United States Capital" to plead on or before October 31, 1990. On December 21, 1990, the court heard Lange's motion for default judgment, ordered Misch and USCC-Delaware to plead on or before December 31, 1990, and continued the motion for default judgment to January 2, 1991. The defendants failed to appear, and the court entered default judgment on January 4, 1991, against USCC-Delaware, USCC-Arkansas, and Misch for failing to answer Lange's complaint. The default judgment found defendants jointly and severally liable for $249,545.39 on count II of Lange's first-amended complaint regarding specific promissory notes.

On January 17, 1991, the trial court entered an order finding that there was no just reason to delay an enforcement or appeal of the default judgments. At the same time, the court issued citations to discover assets (such as tax returns and bank records) against Misch and USCC-Delaware, both as judgment debtors and as third-party respondents on the judgment against USCC-Arkansas, directing them to appear and produce documents.

On February 27, 1991, the parties appeared through their counsel, but Misch did not produce the documents called for in the citations to discover assets. On motions of Misch and USCC-Delaware, the trial court vacated the default judgments against them. No one appeared for USCC-Arkansas and the default judgment against it remained in effect. (On April 3, 1991, Lange filed a second-amended complaint upon which further proceedings were held. This second-amended complaint, however, is not a part of this appeal.)

On June 27, 1991, pursuing the judgment entered against USCC-Arkansas, Lange filed a petition for rule to show cause, alleging that (1) Misch had failed to appear in court on February 27, 1991, pursuant to the January 21, 1991, citation to discover assets, and (2) failed to produce documents called for by those citations. The trial court that day ordered the rule, returnable August 23, 1991, directing Misch to produce certain documents called for by the citations by August 1, 1991, and to appear before the court on August 23, 1991, to show cause why he should not be adjudged guilty of and punished for contempt of court.

Neither Misch nor his counsel appeared at the August 23, 1991, hearing, nor did they produce the documents called for in the citation. At the hearing, plaintiff filed a motion (1) stating that judgment against USCC-Arkansas should be enforced against Misch personally due to his failure to verify the existence of USCC-Arkansas, and (2) asserting that USCC-Arkansas is the alter ego of Misch. However, plaintiff did not serve this motion upon Misch or his counsel. The court proceeded to hear the motion and Lange presented his case. The trial court found that "there is no evidence that such a corporation [USCC-Arkansas] has ever been formed or that such a corporation is presently existing under the laws of the State of Arkansas and that said corporation is a sham and constitutes nothing more than the defendant, Paul M. Misch, doing business under a purported corporate name." Accordingly, the court "pierced the corporate veil" and entered judgment against Misch for $265,651.61, plus attorney fees of $1,133.50. The court also held Misch in civil contempt of court at the supplementary hearing and sentenced him *in absentia* to six months' incarceration in the Mc-Lean County jail with leave to purge himself of the contempt by producing the documents described in the citations and paying Lange's attorney fees.

The trial court issued a bench warrant for Misch, and on September 24, 1991, he was arrested on that warrant in Philadelphia, Pennsylvania. On October 1, 1991, Misch surrendered to the sheriff of McLean County, Illinois, and was released on bond after waiving extradition and assigning the $10,000 bail on deposit in Philadelphia to the circuit court of McLean County.

On September 25, 1991, Misch moved to vacate the August 1991 judgment, filing in support thereof the articles of incorporation of USCC-Arkansas. The trial court denied Misch's motion to vacate the default judgment and this appeal followed.

## II. ANALYSIS

Misch argues that the trial court did not have the authority at a supplementary hearing to pierce the corporate veil and hold him personally liable for the default judgment against USCC-Arkansas. Although we in no way condone Misch's failure to obey court orders, we agree that a supplementary proceeding is not an appropriate vehicle to impose a judgment against a third party who does not possess assets of the judgment debtor.

■■ At trial, the court apparently relied upon sections 2—1402(b)(3), (b)(4), (b)(5), and (b)(6) of the Code of Civil Procedure

(Code) (Ill. Rev. Stat. 1989, ch. 110, pars. 2—1402 (b)(3) through (b)(6)), for the authority to enter judgment against Misch. These sections do not authorize such action, although section 2—1402(b)(4) of the Code comes closest to supporting the trial court's decision. That section provides that where assets or income of a judgment debtor are "discovered," a court has the authority to enter any judgment against a third party that could be entered in any garnishment proceeding. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1402(b)(4).) However, before a court may do so, the record must contain some evidence that the third party possesses assets of the judgment debtor. Here, there was none.

■ This record contains no evidence that Misch, individually, possessed Lange's assets so as to authorize the trial court to expand Lange's default judgment against USCC-Arkansas to include Misch. Insofar as the record shows, Misch was a third person unrelated to USCC-Arkansas' assets. Lange should instead have filed—and on remand may yet do so—a separate petition to pierce the corporate veil, thereby providing Misch with appropriate notice of the claim, the remedy sought, and an appropriate pleading on which separate proceedings could have been held. Instead, the corporate veil was pierced at the supplementary proceeding, even though nothing in the Code authorizes the entry of a judgment at a supplementary proceeding against a third party who does not possess assets of the judgment debtor.

Lange relies on *Amoco Oil Co. v. Segall* (1983), 118 Ill. App. 3d 1002, 455 N.E.2d 876, for his argument that Misch's conduct should not be tolerated. In *Amoco Oil*, this court upheld the entry of a judgment against a party whose conduct—in refusing to comply with discovery rules—amounted to contumacious flouting of judicial authority. (*Amoco Oil*, 118 Ill. App. 3d at 1013, 455 N.E.2d at 883.) However, the present case involves a supplementary hearing, not a hearing regarding discovery procedures. Accordingly, nothing in *Amoco Oil* supports Lange's position in this case.

Lange also relies on *O'Connell v. Pharmaco, Inc.* (1986), 143 Ill. App. 3d 1061, 493 N.E.2d 1175, to support his contention that the trial court properly pierced the corporate veil and found Misch personally liable. In *O'Connell*, this court affirmed a trial court's judgment at a supplementary proceeding that held an officer of a corporate judgment debtor personally liable for the corporation's debt even though he was not formally made a defendant before judgment was entered against him. (*O'Connell*, 143 Ill. App. 3d at 1069, 493 N.E.2d at 1180.) *O'Connell* does establish that a trial court may en-

ter judgment against a third party at a supplementary proceeding. However, in *O'Connell*, the evidence showed that the third party had control of $580,000 of the judgment debtor's assets. By contrast, insofar as the record before this court shows, no evidence showed that Misch controls *any* assets of USCC-Arkansas.

Our holding in no way condones Misch's conduct. The *only* issue before us is whether the trial court properly pierced the corporate veil at the supplementary proceeding in which it held Misch personally liable for Lange's $265,651.61 judgment against USCC-Arkansas. We hold that it was improper for the court to do so, and we reject Lange's implication that we need to twist the plain meaning of section 2—1402 of the Code in order to empower trial courts to deal with miscreants like Misch. In our judgment, the court's contempt powers, if fully and appropriate utilized, suffice to deal with litigants who violate court orders; trial courts need not—and should not be permitted to—misuse settled principles of law to punish such litigants.

Using the present case as an example, after Misch appeared in court on October 1, 1991, having been arrested in Philadelphia on the court's warrant due to his failure to appear in court as directed on August 23, 1991, there is no reason why the court could not have raised his bail bond from $10,000 in order to ensure Misch's compliance with all court orders, as well as his subsequent appearances in court as directed. Misch, an obvious man of means, posted the $10,000 bond, probably without much difficulty. Had the trial court set Misch's bail bond at $200,000 at the October 1 hearing, the court might have gained his attention.

For the reasons stated, we reverse the judgment of the trial court and remand for further proceedings.

Reversed and remanded.

GREEN P.J., and LUND, J., concur.