**William Grace, Frank D. Hyde and August R. Meyer v. The Casey-Grimshaw Marble Company, for the use of E. A. Sherburne, etc.**

| 62 | 149 |
| 82 | 84 |
| 62 | 149 |
| s185 | 580 |
| 62 | 149 |
| 105 | 639 |

1.  JUDGMENT—*Void—When Not Cured by Appearance.*—A judg-
ment entered against a garnishee without his appearance or service upon
him of any kind is void, and he waives no rights by his appearance
afterward, and motion to set it aside.

2.  SAME—*When to be Conditioned Against Garnishee*—Where serv-
ice has been had upon a person named as garnishee, and he fails to ap-
pear or answer, a conditional judgment should precede the final one
against him.

3.  SAME—*Considered as a Unit.*—A judgment is a unit, and if void
as to one is void as to all; so *held* in a garnishee proceeding where the
issues were found for the plaintiff and final judgment rendered against
the garnishees for $1,000, the amount of their indebtedness, $572.28
thereof, the amount mentioned in the affidavit upon which the proceed-
ings were based, for use of the garnishor.

4.  INTERPLEADER—*Must State the Nature of the Claim.*—Where an
interpleader claims, by virtue of an assignment from the principal debtor,
by the terms of which he was entitled only to the surplus money after

the making of certain payments, he must allege that there is such a surplus and the amount of it.

**Garnishee Proceedings.**—Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

Appellee, a citizen of Illinois, sued the Casey-Grimshaw Marble Company, a corporation of Missouri, by attachment for $572.28. William Grace and Frank D. Hyde, copartners as Grace & Hyde, in Chicago, were summoned as garnishees, the service being on Hyde only. He answered under oath, that at the time of the service the " firm of Grace & Hyde was indebted to the defendant exceeding $1,000."

Service by publication, in conformity to the statute, was made on the principal defendant, and after the answer of garnishee was filed, the principal defendant was defaulted, and (by a mistake of the clerk) a judgment rendered against the said defendant for $886.38, instead of $572.28, the amount claimed in the affidavit, and the notice published. Thereafter one August R. Meyer, a " citizen of the State of Missouri," appeared and claimed that he was the owner, by assignment, of the fund in the hands of the garnishees. A demurrer was sustained to this interplea, and thereupon a judgment was rendered against Hyde, the garnishee served, for $572.28, the amount claimed in the affidavit and notice; a *sci. fa.* was issued to make Grace a party to the judgment. Afterward, " on the agreement of the parties the judgment against Hyde was vacated. On December 8, 1894, an amended interplea was filed by Meyer. On July 19, 1895, the plaintiff (having discovered the mistake in the amount of the judgment) was allowed by the court to correct it to $572.28, the amount claimed in the affidavit and notice, and to this no objection or exception by any one was interposed, but thereupon " the interpleader, August R. Meyer, and the garnishees, Frank D. Hyde and William Grace, submitted their motion to set aside and vacate said judgment."

This motion was overruled, and thereupon the demurrer of plaintiff to the amended interplea was sustained, the issues were found for plaintiff, and final judgment rendered against the garnishees for $1,000, $572.28 thereof for the use of plaintiff, Sherburne.

F. W. BECKER and DALE & FRANCIS, attorneys for appellants.

E. A. SHERBURNE, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Judgment was entered against William Grace, a garnishee, without his appearance, or service of any kind upon him. He afterward appeared and asked to have this judgment set aside, which motion the court overruled.

The judgment against Grace was void for want of jurisdiction over him, had service previously been had upon him, and he failed to appear or answer; a conditional judgment should have preceded a final judgment against him.    Sec. 3 of Chap. 62, R. S.; Carter v. Lockwood, 15 Ill. App. 73; Carriker v. Anderson, 27 Ill. 358.

The void judgment against Grace was not validated by his motion to set the same aside.    As the judgment against Grace is improper and must be reversed, that against Hyde must be reversed.    A judgment is in this State a unit, and if bad as to one, is as to all.    Black on Judgments, Sec. 211; Williams v. Chalfant, 82 Ill. 218; see Cooper v. McNeil & Higgins Co., 43 Ill. App. 350; Claftin v. Dunn, 129 Ill. 248.

The interpleader claimed the fund in controversy by virtue of an assignment by the principal debtor; this assignment was only for the surplus money due or to become due after the making of certain payments.    The interpleader should, therefore, have alleged that there was such surplus and the amount thereof.    The demurrer to the interpleader was properly sustained.

The judgment of the Superior Court is reversed and the cause remanded.