Coleman Financial Corporation, Plaintiff-Appellant, v. Kielman A. Schuddekopf, Eastern Seaboard Clearance Company, Inc., a New York Corporation, Eastern Seaboard Management Co., a Corporation, Eastern Seaboard Realty, Inc. of Texas, a Corporation, and Eastern Seaboard of Dallas, Inc., a Corporation, Defendants, and Kirkeby-Natus Corporation, a Maryland Corporation, Garnishee-Appellee.

Gen. No. 52,152.

First District, Second Division.

November 22, 1967.

Greenberger, Krauss & Jacobs, of Chicago (Leon C. Baker, of counsel), for appellant.

Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, of Chicago (John B. Angelo, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On October 23, 1964, in the Circuit Court of Cook County a judgment by confession in the amount of $89,-332.50 was entered for Coleman Finance Corporation and against Kielman A. Schuddekopf and others. Following the filing of an affidavit for garnishment, a summons was served on Kirkeby-Natus Corporation in New York City. The garnishee failed to answer or appear on the

return day. A conditional judgment for $57,537 was entered against it and a scire facias issued to make the conditional judgment final. A summons calling upon the garnishee to show cause why the conditional judgment should not be made final was also served on the garnishee in New York City. The garnishee appeared specially and moved to quash the return of service of the summons on the ground that the garnishee was not amenable to process issued by a court of Illinois because it was a foreign corporation and had not transacted any business in Illinois from which plaintiff's cause of action had arisen. The court overruled garnishee's motion to quash the return. On motion of the garnishee the court vacated the conditional judgment, and garnishee answered the garnishment interrogatories. Immediately upon the entry of the order vacating the conditional judgment plaintiff filed a jury demand. Thereafter on motion of the garnishee, the court quashed the jury demand and set the case for trial. Following a hearing without a jury the court entered an order finding that the garnishee had no property or funds subject to garnishment at the time of the service of the summons and discharged the garnishee. Plaintiff has appealed from the orders vacating the conditional judgment, quashing plaintiff's demand for a jury trial and discharging the garnishee. The garnishee has cross-appealed from the order overruling its motion to quash the service of the garnishment summons.

■ We shall first consider the garnishee's contention that service of the garnishment summons on it in New York did not subject it to the jurisdiction of Illinois courts. At the hearing on the motion to quash the service of process on it the garnishee's counsel did not confine himself to matters of jurisdiction. We agree with plaintiff that this excursion into the merits constituted a general appearance by the garnishee.

We turn to plaintiff's contention that since the garnishee offered no excuse for its default in answering the garnishment interrogatories the conditional judgment should not have been vacated.

■■ We agree with the garnishee that Section 5 of the Garnishment Act (Ill Rev Stats 1965, c 62, § 37(a)) states that when the garnishee appears and answers before final judgment he is entitled to a hearing as in other cases and is not barred by his prior default. Jenner and Davenport in their Historical and Practice Notes (SHA c 62, § 37, 1966 Cumulative Annual Pocket Part, p 136) say that this section retains the practice of conditional judgments which has been a feature of Illinois Garnishment law since 1872 and that the single purpose served by the conditional judgment is the protection of a garnishee from the consequences of one oversight. The trial court has discretionary authority to vacate a conditional judgment. In Chicago Catholic Workers' Credit Union v. Rosenberg, 346 Ill App 153, 104 NE2d 568, where the garnishee, having appeared but being in default for want of an answer, suffered a judgment which was subsequently vacated with leave to file an answer, the plaintiff appealed. Having decided that the judgment entered was a conditional judgment the court said that the order did not finally determine the rights of the parties, which remained to be determined on further hearings on the answer of the garnishee and its contest, if any, by the plaintiff. The Appellate Court dismissed the appeal because the order was not a final or appealable order. We cannot find anything to criticize in the action of the trial court in the case at bar vacating the conditional judgment.

■ Plaintiff insists that the court erred in quashing its demand for a jury trial. Within minutes after the court opened the conditional judgment and permitted the garnishee to answer the interrogatories plaintiff filed a de-

mand for a jury trial. The opening pleading of a garnishment action is the affidavit for garnishment wherein the plaintiff alleges that the garnishee is indebted to or has in his control property of the garnishment debtor. Plaintiff did not file a jury demand at the time it filed its affidavit in garnishment. It filed the demand 18 months later. We are of the opinion that the plaintiff in garnishment must file his jury demand with his affidavit or be deemed to have waived a jury. Plaintiff's argument that the trial court should have given plaintiff leave to file a late jury demand under section 59 of the Civil Practice Act and Rule 8(5) of the Supreme Court Rules is unavailing because it was not raised or argued before the trial court. The trial judge had before him a letter of Nov. 21, 1966 from the attorney for plaintiff in which he presented additional reasons "that this action should be tried by a jury." We do not find any abuse of discretion in the action of the trial judge in quashing plaintiff's tardy jury demand filed without authority.

Finally plaintiff maintains that the court erred in deciding that the garnishee had no property or funds subject to garnishment. Plaintiff states that the garnished property was sufficient to satisfy its judgment when the garnishment summons was served, that because of hostility to plaintiff and a desire to obtain the property for itself the garnishee frustrated plaintiff's efforts to preserve the property from foreclosure and that it is no defense to the garnishee that the property was foreclosed and had become worthless at the time of trial. We are satisfied that the court was right in deciding that the garnishee had no property or funds subject to garnishment at the time of the service of the garnishment summons or thereafter. Schuddekopf purchased from the garnishee's predecessor a $144,000 subordinated participating interest in a note. The written agreement whereby Schuddekopf acquired his interest provided that gar-

nishee's predecessor owned a $200,000 superior interest in the note and that Schuddekopf owned a $144,000 subordinated interest. The agreement further provided that garnishee's predecessor was entitled to receive its interest and principal before anything was payable to Schuddekopf and that garnishee's predecessor had the exclusive right to accept or collect payment and to initiate proceedings. Before service of the garnishment summons the note went into default and was declared due and payable when $329,600 in principal remained unpaid, of which garnishee was entitled to $187,600 in principal plus interest and reimbursement for fees and costs before, Schuddekopf, the defendant, was entitled to anything.

■ At the time of the service of the garnishment summons the effect of the note, Schuddekopf's guaranty thereof, and his subordinated interest therein, was that the maker of the note and Schuddekopf as guarantor owed the garnishee $329,600 in principal on the note plus interest, fees and costs. Only after the garnishee had collected its superior share of the note or the first $185,600 plus interest, fees and costs was Schuddekopf, the defendant, entitled to receive any payment whatsoever on his $144,000 subordinated interest. Schuddekopf's subordinated interest in the note was contingent on prior payment in full of garnishee's superior lien. Because the existence of Schuddekopf's interest depended on garnishee being first paid in full, Schuddekopf's interest was a contingent interest and not subject to garnishment. National Homes, Inc. v. American Nat. Bank & Trust Co., 16 Ill App2d 111, 114–115, 147 NE2d 412; Pressed Steel Equipment Co. v. Thornburgh Pressteel Co., 228 Ill App 1, 5–10. The garnishee as the holder of the note on default of payment thereon, declared the entire indebtedness due and payable and filed a complaint in foreclosure against the subject properties. The prosecution of the foreclosure complaint resulted in the garnishee re-

ceiving only $40,000 and leaving a deficiency of $145,000 unpaid of the garnishee's superior interest plus interest, fees and costs and leaving defendant Schuddekopf's entire subordinated interest in the note unpaid. It is not disputed that the garnishee proceeded diligently to foreclose the mortgage.

■■ We disagree with plaintiff's contention that the garnishee, because of hostility to plaintiff and the desire to obtain the property for itself, frustrated plaintiff's efforts to preserve the property from foreclosure. The record shows that the garnishee exercised its right to file a special appearance and to contend that the Illinois court lacked jurisdiction. The record does not indicate at whose request the numerous postponements were made. There is nothing in the record to indicate that at the time either party objected to the postponements. We agree with the garnishee that the personal exchange of words between two persons interested in the proceedings did not prove that garnishee's part in the proceedings wrongfully frustrated plaintiff's efforts to reach the judgment debtor's property. The record shows that plaintiff knew as early as December 1964, shortly after the entry of the conditional judgment that the garnishee did not have money or property of the judgment debtor but that the judgment debtor owed the garnishee money. Plaintiff knew that the note was in default and that there was little chance of recovering anything.

For these reasons the judgment discharging the garnishee is affirmed.

Judgment affirmed.

LYONS, P. J. and BRYANT, J., concur.