ROSARIO SCALISE, Plaintiff-Appellee, v. CARMEN ZARATE, Defendant (Insurance Brokers Service, Inc., Garnishee-Employer and Appellant).

First District (6th Division)   No. 1—97—2145

Opinion filed February 26, 1999.

Douglas R. Stevens, of Chicago (Douglas R. Stevens, of counsel), for appellants.

Peter Fricano & Associates, of Chicago (Emil P. Caliendo, of counsel), for appellee.

JUSTICE QUINN delivered the opinion of the court:

Appellant, Insurance Brokers Service, Inc. (IBS), appeals from entry of a judgment in a wage deduction proceeding. The instant case arose from a landlord-tenant dispute. On June 18, 1996, following a trial, a judgment was entered in favor of plaintiff-appellee, Rosario Scalise, against Carmen Zarate in the amount of $1,440 plus costs. Also on June 18, 1996, the clerk of the circuit court of Cook County issued a wage deduction summons for October 17, 1996, which was placed with the sheriff for service upon IBS, Zarate's employer. On appeal, IBS argues it was never served with the wage deduction summons. The sheriff filed a return of service with the trial court clerk indicating that the summons was served upon a "Marcia Lovine" or "Marcia Lorine." However, according to IBS's assertions, no person by either name either worked for or was an officer or registered agent of IBS during 1996. IBS did not appear, and on November 18, 1996, the trial court entered a conditional judgment and directed the issuance of a summons after conditional judgment for December 4, 1996, to IBS.

IBS received a summons after conditional judgment and filed a general appearance on December 4, 1996. At the December 4, 1996, hearing, IBS moved to vacate the conditional judgment. IBS's counsel informed the court that IBS had not withheld any of Zarate's wages during the lien period specified in the wage deduction summons because IBS did not receive the summons. IBS's counsel informed the court that wages were withheld after it received the summons after conditional judgment. IBS also argued a defense that the pending bankruptcy of Zarate was a bar to its garnishment of Zarate's wages.

The trial court vacated the conditional judgment and ordered IBS to return the wages it withheld after it was served with the summons after conditional judgment, as these wages were outside the lien period specified in the original summons. In the court's written order, dated December 4, 1996, the court also ruled that Zarate's pending bankruptcy was not a bar to IBS's duty "to report on its failure to comply" with the garnishment order.

The court questioned whether a special and limited appearance was necessary to contest the prior service and attack the *ex parte* judgment. The court requested that IBS submit authority on the question of whether IBS's general appearance waived IBS's right to contest the service of the prior wage deduction summons and the validity of the conditional judgment. IBS filed a brief on this issue. Following an order requesting further briefing, both IBS and Scalise filed briefs on this issue.

The trial court heard oral argument on March 12, 1997. By a written order dated April 21, 1997, the trial court held "that the appearance itself without answer subjected garnishee defendant to wage deduction and again it is ordered to answer for lien period on or before May 1, 1997 at 11 *AM.*"

IBS appeared on May 1, 1997, as ordered, but did not answer the original wage deduction summons. Counsel for IBS stated that IBS did not file an answer because it did not want to waive any objection to the prior jurisdiction of the trial court. The trial court ordered IBS to file an answer and stated that it would enter a contempt order with sanctions against it if it refused to do so. The court then adjourned the hearing until 2 p.m. that same day. That afternoon, IBS filed an answer arguing that it had not withheld any wages because it had not been served with the wage deduction summons. The trial court ruled that the filing of a general appearance cured any defects in service of process, and entered judgment against IBS in the amount of $1,028.10.

On appeal, appellant argues that the service on the original summons was not effective because the person upon whom process was served was not appellant's employee or agent.

Appellant further argues that even if the court had personal jurisdiction as of December 4, 1996, when appellant filed its general appearance, the general appearance did not confer "retroactive jurisdiction" so as to validate the original summons, and that appellant could not file a special and limited appearance objecting to personal jurisdiction because the second summons was valid. Appellee argues that appellant waived this argument by filing its general appearance and answer.

■ The Code of Civil Procedure (Code) sets out the means by which a judgment debtor's wages may be garnished. See 735 ILCS 5/12—801 *et seq.* (West 1994). First, a judgment creditor files an affidavit stating that he believes the garnishee is indebted to the judgment debtor for wages due or to become due, and by filing written interrogatories to be answered by the employer-garnishee with respect to the indebtedness. 735 ILCS 5/12—805(a) (West 1994). The circuit clerk then issues a summons to the employer. 735 ILCS 5/12—805(a) (West 1994).

If the employer is properly served, the employer must file a written answer under oath to the written interrogatories, setting forth the amount due as wages to the judgment debtor for the payroll periods ending immediately prior to 84 days after the service of summons. 735 ILCS 5/12—808(c) (West 1994).

■ Section 12—807 of the Code provides:

"§ 12—807. Failure of employer to appear. (a) If an employer fails to appear and answer as required by Part 8 of Article XII of this Act, the court may enter a conditional judgment against the employer for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the employer returnable not less than 21 nor more than 30 days after the date of issuance, commanding the employer to show cause why the judgment should not be made final. If the employer, after being served with summons to confirm the conditional judgment ***, fails to appear and answer, the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs." 735 ILCS 5/12—807 (West 1994).

■ Ordinarily, the filing of an appearance that is not designated as special and limited constitutes a general appearance and waives a party's objection to personal jurisdiction. See 735 ILCS 5/2—301(a) (West 1994). Here, appellant filed a general appearance.

For the following reasons, we hold that although appellant did not file a special appearance, appellant did not waive its jurisdictional argument by filing a general appearance after being served with the summons to confirm the conditional judgment.

In the instant case, the general rules of civil procedure would seem to dictate that appellant's filing of a general appearance waived any jurisdictional argument. However, the Code provisions governing the garnishment of a judgment-debtor's wages require that a garnishee-employer, after being served with a summons to confirm the conditional judgment, appear in court and answer, without providing for filing a special and limited appearance. 735 ILCS 5/12—807(a) (West 1994). Further, "[i]f the employer appears and answers, the same proceedings may be had as in other cases." 735 ILCS 5/12—807(a) (West 1994).

■ The primary rule of statutory construction is to ascertain and give effect to the legislature's intent, which is determined from the plain language of the statute itself. *Presley v. P&S Grain Co.*, 289 Ill. App. 3d 453, 462 (1997); *Lanxon v. Magnus*, 296 Ill. App. 3d 377, 379 (1998). When the plain language of more than one statute is relevant to a given action, courts must determine which statute is more specifically applicable to the case at hand. *Lanxon*, 296 Ill. App. 3d at 379. Where one of the statutory provisions is general, designed to apply to cases generally, and the other is particular, relating to only one subject, the particular provision must prevail. *Lanxon*, 296 Ill. App. 3d at 379. Additionally, courts should construe a statute so as to avoid an absurd result or a hardship. *Presley*, 289 Ill. App. 3d at 462.

■ Appellee argues that appellant waived its jurisdiction argument when it entered its general appearance and filed its answer to the complaint. Here, the more particular provisions of the Code on garnishment of a judgment-debtor's wages should prevail over the general rule that the filing of a general appearance waives jurisdictional arguments.

It was apparent at all times throughout the proceedings below that appellant was objecting to the entry of the conditional judgment on personal jurisdiction grounds because appellant had not been properly served with the initial wage deduction summons. Appellant initially did not file an answer in the circuit court precisely because it did not want to waive any jurisdictional argument. Appellant appeared after it was served with the summons after conditional judgment, but did not answer the original wage deduction summons. As counsel for appellant explained, appellant did not file an answer because it did not want to waive any objection to the jurisdiction of the trial court pursuant to the first summons based on a defect in the service of process. The trial court then ordered appellant to file an answer and stated that it would enter a contempt order with sanctions against it if it refused to do so. Appellant filed an answer but argued in its answer that it had not withheld any wages because it had not been served

with the wage deduction summons. When a party files an answer under the threat of being held in contempt for failing to do so, such filing does not necessarily waive the party's argument as to lack of jurisdiction. *Presley*, 289 Ill. App. 3d at 459. We hold that appellant did not waive its argument by complying with the court's order.

At the time that appellant entered its appearance, it also filed a motion to vacate the conditional judgment on the grounds that it never received the original service of summons. Applying the plain language of section 12—807(a), we hold that appellant properly preserved its jurisdictional argument by objecting on the basis that it was not properly served with the wage deduction summons.

In *Grace v. Casey-Grimshaw Marble Co.*, 62 Ill. App. 149 (1895), this court reversed a judgment against a garnishee who had not been served with a summons. The garnishee subsequently appeared and moved to have the judgment set aside. The trial court denied this motion. This court reversed, holding that "[t]he void judgment against Grace was not validated by his motion to set the same aside." *Grace*, 62 Ill. App. at 151.

Similarly, in *Coleman Financial Corp. v. Schuddekopf*, 89 Ill. App. 2d 150 (1967), a conditional judgment was entered against a garnishee. A summons was issued on the conditional judgment. The garnishee appeared specially and moved to quash the return of service on the summons. At the hearing on the motion to quash the service of process, the garnishee's counsel did not confine his argument to matters of jurisdiction; therefore, this court held that the appearance constituted a general appearance by the garnishee. *Coleman*, 89 Ill. App. 2d at 152. However, this court also held that under "An Act in regard to Garnishment ***" (the Garnishment Act) (Ill. Rev. Stat. 1965, ch. 62, par. 37(a) (now 735 ILCS 5/12—706(a) (West 1994))), "when the garnishee appears and answers before final judgment[,] he is entitled to a hearing as in other cases and is not barred by his prior default." *Coleman*, 89 Ill. App. 2d at 153. The court pointed out that "the single purpose served by the conditional judgment is the protection of a garnishee from the consequences of one oversight." *Coleman*, 89 Ill. App. 2d at 153.

In the instant case, there was no oversight on the part of the garnishee. Rather, the garnishee-employer did not receive the wage deduction summons, but appeared after valid service of the summons after conditional judgment. Thus, appellant was entitled to a hearing, and the trial court's refusal to grant appellant a hearing on the issue of jurisdiction was error. This is an additional reason for holding that appellant did not waive its jurisdictional argument by appearing and contesting the prior service of the wage deduction summons.

■ Thus, we proceed to address appellant's argument that the court did not have jurisdiction over it upon the first service of process. Service on private corporations is governed by section 2—204 of the Code, which provides that a corporation may be served by leaving a copy of the process with the corporation's registered agent or any officer or agent of the corporation found anywhere in the state, or in any other manner permitted by law. 735 ILCS 5/2—204 (West 1994). The Code provisions for wage garnishment of the employer of a judgment debtor do not specify another means of service of process. Section 12—805 provides only that "[t]he summons shall be in a form consistent with local court rules." 735 ILCS 5/12—805 (West 1994).

■ In the instant case, appellant argues it was never served with the original wage deduction summons. The sheriff filed a return of service with the trial court clerk indicating that the summons was served upon a "Marcia Lovine" or "Marcia Lorine." However, according to appellant's assertions, no person by either name either worked for or was an officer or registered agent of appellant during 1996. Thus, the first service of process may indeed have been defective, and the trial court may not have had jurisdiction over appellant at the time the court entered the conditional judgment.

Subsequently, a summons after conditional judgment was properly served on appellant, and appellant filed an appearance as required under the Code's provisions for garnishment of a judgment debtor's wages. See 735 ILCS 5/12—801 *et seq.* (West 1994). The parties agree that the circuit court obtained jurisdiction over appellant upon the second, properly executed, service of summons. However, the trial court entered the conditional judgment prior to the second service of process, at a point when the court may not have had jurisdiction. Thus, we remand the case to the circuit court for a hearing as to whether the service of the first wage deduction summons was defective, so that the court may properly exercise its jurisdiction and determine whether to enter an order that appellant garnish the judgment-debtor's wages.

Therefore, we reverse the order of the circuit court and remand with the above directions.

Reversed.

BUCKLEY and ZWICK, JJ., concur.