KNOLLS CONDOMINIUM ASSOCIATION, Plaintiff-Appellee, v. MARY E. HARMS, Defendant-Appellant.

Second District   No. 2—00—0485

Opinion filed November 26, 2001.

BOWMAN, J., dissenting.

William A. Lester, of Lombard, for appellant.

David J. Freeman, of Moss & Bloomberg, Ltd., of Bolingbrook, for appellee.

JUSTICE GEIGER delivered the opinion of the court:
The issue in this appeal is whether an estate of homestead asserted by a condominium unit owner who is in arrears on condominium assessments is a defense to a condominium association's action in forcible entry and detainer. The circuit court ruled that an estate of homestead is not a defense to a forcible entry and detainer action in such circumstances. We reverse the ruling.

On December 27, 1999, the plaintiff, Knolls Condominium Association, filed a complaint in forcible entry and detainer against the defendant, Mary E. Harms. The complaint alleged that the plaintiff was entitled to possession of 6161 Knoll Way Drive, No. 105, in Willowbrook (the property), a condominium unit, because the defendant was indebted to the plaintiff for unpaid maintenance assessments related to the property in the amount of $2,326.40 plus costs and attorney fees. The complaint also alleged that the defendant was unlawfully withholding possession of the property from the plaintiff.

In her answer to the complaint, the defendant denied that the

plaintiff was entitled to possession of the property or that she was unlawfully withholding possession of the property from the plaintiff. The defendant also asserted, as an affirmative defense, that she was the owner and resident of the property; that she was entitled to an estate of homestead in the property; and that her estate of homestead was a proper defense to the plaintiff's action in forcible entry and detainer.

At a hearing on the matter, the parties stipulated that the defendant owed the plaintiff past-due maintenance assessments in the amount of $2,326.40. The trial court ruled that an estate of homestead was not a proper defense to the plaintiff's forcible entry and detainer action. The trial court also found that the plaintiff's request for attorney fees in the amount of $287.50 was reasonable.

Following the hearing, the trial court issued a written order that denied the defendant's affirmative defense; found that the plaintiff was entitled to possession of the property; and entered judgment in favor of the plaintiff in the amount of $2,326.40 plus $287.50 in attorney fees. The defendant's timely notice of appeal followed.

On appeal, the defendant contends that she is entitled to a reversal of the trial court's order because her claim of homestead was a proper defense to the plaintiff's forcible entry and detainer action. The defendant argues that an estate of homestead is a possessory right that cannot be divested by a forcible entry and detainer action.

The plaintiff acknowledges that, as a general rule, an estate of homestead is a proper defense to a forcible entry and detainer action. However, the plaintiff points to various sections of the Code of Civil Procedure (Code) (735 ILCS 5/1—101 *et seq.* (West 2000)) and argues that these statutes show that a forcible entry and detainer action may be maintained in circumstances such as those in this case regardless of an estate of homestead.

The statute governing the estate of homestead is also a part of the Code (735 ILCS 5/12—901 *et seq.* (West 2000)). Citing various sections of this homestead statute, defendant responds by asserting that her estate of homestead in the property was a proper defense to the plaintiff's forcible entry and detainer action.

■ The parties agree, and appear to be correct, that their dispute raises an issue of statutory construction that is an issue of first impression. The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Phoenix Bond & Indemnity Co. v. Pappas*, 194 Ill. 2d 99, 106 (2000). The language of the statute generally provides the best indication of the legislature's intent. *In re Consolidated Objections to Tax Levies of School District No. 205*, 193 Ill. 2d 490, 496 (2000). Where the language used leaves uncertainty as

to its interpretation in a particular context, a court can consider the purpose behind the statute and the evils that the statute was designed to remedy. *Phoenix Bond*, 194 Ill. 2d at 106. A court should not construe a statute in a way that would defeat its purpose or yield an absurd or unjust result. *Phoenix Bond*, 194 Ill. 2d at 107. Because the construction of a statute is a question of law, our review is *de novo*. *Consolidated Objections to Tax Levies*, 193 Ill. 2d at 496.

■ The plaintiff relies on various sections of the part of the Code that governs a forcible entry and detainer action (735 ILCS 5/9—101 *et seq.* (West 2000)). One of these is section 9—102(a)(7), which provides, in relevant part, that an action in forcible entry and detainer may be maintained "[w]hen any property is subject to the provisions of the Condominium Property Act [and] the owner of a unit fails or refuses to pay when due his or her proportionate share of the common expenses of such property." 735 ILCS 5/9—102(a)(7) (West 2000). The plaintiff also cites section 9—111(a), which provides, in relevant part:

> "As to property subject to the provisions of the 'Condominium Property Act', *** if the court finds that the expenses or fines are due to the plaintiff, the plaintiff shall be entitled to the possession of the whole of the premises claimed, and judgment in favor of the plaintiff shall be entered for the possession thereof and for the amount found due by the court including interest and late charges, if any, together with reasonable attorney's fees, if any, and for the plaintiff's costs." 735 ILCS 5/9—111 (West 2000).

The defendant does not dispute the general applicability of sections 9—102(a)(7) and 9—111(a) to the facts of this case. Rather, the defendant contends that, under the statute that governs the estate of homestead, her estate of homestead is a defense to the plaintiff's forcible entry and detainer action.

■ Part 9 of article XII of the Code (735 ILCS 5/12—901 *et seq.* (West 2000)) creates and governs estates of homestead. Among the sections of part 9 of article XII that the defendant relies on is section 12—901, which provides, in relevant part, that "[e]very individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in *** a condominium *** owned or rightly possessed by lease or otherwise and occupied by him or her as a residence" and that the "homestead and all right in and title to that homestead is exempt from attachment, judgment, levy, or judgment sale for the payment" of the estate holder's debts "except as provided in this Code" or in a section of the Probate Act of 1975 (755 ILCS 5/20—6 (West 2000)) that is not applicable here. 735 ILCS 5/12—901 (West 2000). The defendant also cites section 12—904, which provides that, generally, only a written release, waiver, or conveyance of the exempted homestead estate is valid. 735 ILCS 5/12—904 (West 2000).

It is undisputed that the statutes cited by the plaintiff generally allow a condominium association to maintain a forcible entry and detainer action where, as in this case, a unit owner fails to pay her proportionate share of the condominium's common expenses, including maintenance expenses. However, the statutes cited by the plaintiff are silent as to whether an estate of homestead is a defense to a forcible action brought in such circumstances.

On the other hand, by their explicit language, the statutes cited by defendant make it clear that the estate of homestead applies to condominium property; is exempt from attachment, judgment, levy, or judgment sale for the payment of debts; and can only be waived, released, or conveyed by a signed writing or by abandonment. 735 ILCS 5/12—901, 12—904 (West 2000). Moreover, in listing the few exceptions to the applicability of an estate of homestead, the homestead statute explicitly addresses the nonpayment of common expenses related to condominium property. Section 12—903 of the Code provides:

> "No property shall, by virtue of Part 9 of Article XII of this Act, be exempt from sale for nonpayment of taxes or assessments, or for a debt or liability incurred for the purchase or improvement thereof, *or for enforcement of a lien thereon for nonpayment of common expenses pursuant to the 'Condominium Property Act'*, approved June 20, 1963, as amended." (Emphasis added.) 735 ILCS 5/12—903 (West 2000).

Thus, the homestead statute specifies its own exceptions and one of the specified exceptions is the enforcement of a lien by a condominium association for the nonpayment of common expenses by a unit owner. The homestead statute does not provide for an exception to an estate of homestead with respect to a forcible entry and detainer action, including such an action brought by a condominium association.

■ Under the principle of *inclusio unius est exclusio alterius*, the enumeration of exceptions in a statute is construed as an exclusion of all others. *People v. $8,450 United States Currency*, 276 Ill. App. 3d 952, 956 (1995). Moreover, exceptions in a statute are to be strictly construed. *People v. Watson*, 187 Ill. 2d 448, 459 (1999) (Rathje, J., dissenting).

■ We believe that the principle of *inclusio unius est exclusio alterius* applies in this case. Under this principle, when the legislature expressly made foreclosure of a lien by a condominium association an exception to a claim of an estate of homestead but did not make an action in forcible entry and detainer an exception, the legislature expressed an intent that an estate of homestead should not apply to a lien action brought by a condominium association against a unit owner who has not paid her common expenses but should apply to other

remedies available to a condominium association, including a forcible entry and detainer action.

This construction of the statutes in question is in accord with the purpose of the homestead statute. Considerations of sound public policy affecting the general interest were involved in and contributed to the legislature's enactment of the statute that created the estate of homestead. The principal objective in creating the homestead estate was to protect the homesteader in the enjoyment of a home and to secure the homesteader a shelter beyond the reach of his improvidence or financial misfortune. *Holterman v. Poynter*, 361 Ill. 617, 625-26 (1935).

Illinois courts have construed the homestead estate liberally because the statutory exemption of property from enforcement is a matter affecting the remedy available to a judgment creditor for the collection of a debt. *Bank of Illmo v. Simmons*, 142 Ill. App. 3d 741, 744 (1986). Homestead is a possessory freehold estate that generally is a proper defense to a forcible entry and detainer action. *Willard v. Northwest National Bank of Chicago*, 137 Ill. App. 3d 255, 265 (1985).

Moreover, this construction of the legislative intent both comports with the purpose of the homestead statute and also allows a condominium association a remedy against a unit owner who has not paid assessments. Under this construction, a unit owner who has a valid claim of an estate of homestead in a unit for which assessments have not been paid would be secure in his home and would not be subject to dispossession pursuant to a forcible entry and detainer action despite his improvidence or financial misfortune. However, as expressly provided in the homestead statute, an estate of homestead would not be a defense to a condominium association's action to enforce a lien that arises from the nonpayment of assessments. 735 ILCS 5/12—903 (West 2000).

In this case, the plaintiff does not dispute the defendant's claim of a homestead estate in the property. Rather, the plaintiff asserts that the defendant's estate of homestead is not a proper defense to its forcible entry and detainer action. However, based on the foregoing, we conclude that the defendant's estate of homestead in the property was a proper defense to the plaintiff's forcible entry and detainer action.

Accordingly, the judgment of the circuit court of Du Page County is reversed.

Reversed.

HUTCHINSON, P.J., concurs.

JUSTICE BOWMAN, dissenting:

I respectfully dissent. The majority reasons that by use of the principle *inclusio unius est exclusio alterius*, or the inclusion of one is the exclusion of the other, the legislature intended that section 12—903 of the homestead statute as it appears in the Code bar the use of a forcible entry and detainer action by a condominium association against a unit owner for unpaid maintenance assessments. In the majority's view, the language of section 12—903 of the homestead statute trumps the specific language of both the Condominium Property Act and the forcible entry and detainer statute (735 ILCS 5/9—101 *et seq.* (West 2000)). The majority's analysis produces a statutory disharmony that the legislature could not have intended.

Courts presume that two or more statutes which relate to the same subject are governed by one spirit and policy and that the legislature intended the statutes to be operative and harmonious. *Henrich v. Liberty High School*, 186 Ill. 2d 381, 391-92 (1998). Therefore, statutes relating to the same subject matter must be compared and construed with reference to one another so that effect may be given to the provisions of each, if reasonable. *Carter v. Du Page County Sheriff*, 304 Ill. App. 3d 443, 450 (1999).

Section 9—102(a)(7) of the forcible entry and detainer statute provides that a forcible entry and detainer action can be maintained "[w]hen any property is subject to the provisions of the Condominium Property Act [and] the owner of a unit fails or refuses to pay when due his or her proportionate share of the common expenses of such property" or if the unit owner fails to comply "by the declaration, by-laws, and rules and regulations of the condominium." 735 ILCS 5/9—102(a)(7) (West 2000). Section 9.2 of the Condominium Property Act provides:

> "In the event of any default by any unit owner *** in the performance of his obligations under this Act or under the declaration, bylaws, or the rules and regulations of the board of managers, the board of managers or its agents shall have such rights and remedies *** including the right to maintain an action for possession against such defaulting unit owner *** for the benefit of all the other unit owners in the manner prescribed by Article IX of the Code of Civil Procedure." 765 ILCS 605/9.2 (West 2000).

Article IX of the Code of Civil Procedure is the forcible entry and detainer statute.

The accompanying historical and practice notes for section 9.2 state, *inter alia*,:

> "This section was added by P.A. 77—1760, effective July 1, 1972, as part of a legislative package which also included P.A. 77—1759 which added the procedures applicable to condominiums to the Forcible Entry and Detainer Act. ***

\*\*\*

This section makes Illinois unique in allowing a condominium association to evict a unit owner for failing to pay assessments. When such action occurs, the unit owner maintains title to the unit and the association has the right to possession of the unit until the judgment for possession is vacated after the amount owed is paid.

\* \* \*

This section was adopted to provide a constitutionally permissible, quick method for collection of assessment arrearages in condominium associations, and it has provided one of the better collection procedures found in any state." 765 ILCS Ann. 605/9.2, Historical & Practice Notes, at 58-59 (Smith-Hurd 1993).

In my view, section 9—102(a)(7) of the forcible entry and detainer statute and section 9.2 of the Condominium Property Act specifically address what is at issue in the instant case, *i.e.*, a remedy when an owner fails to pay assessments.

The majority's opinion ignores that the Condominium Property Act, the forcible entry and detainer statute, and the homestead statute relate to the same subject matter and constitute a statutory scheme. I do not believe that where the legislature specifically provided for a procedure for evicting a unit owner who fails to pay her assessments, it then intended to eliminate this remedy by not specifically listing it in section 12—903 of the homestead statute as one of the exceptions to the applicability of an estate of homestead. Such an interpretation would render both section 9—102(a)(7) of the forcible entry and detainer statute and section 9.2 of the Condominium Property Act meaningless. As noted in the historical and practice notes concerning section 9.2 of the Condominium Property Act, the purpose of the section was to provide condominium associations with a "constitutionally permissible, quick method" for collection of unpaid assessments. Under the majority's position, a condominium unit owner could raise the defense of an estate of homestead every time a condominium association attempted to bring a forcible entry and detainer action to collect assessment arrearages.

Moreover, I do not believe it is inconsistent with the purpose of section 12—903 of the homestead statute to allow an action for forcible entry and detainer against a unit owner. Section 12—903 pertains to exceptions to an estate of homestead when a *sale* of the property is involved. Here, the sale of property was not involved. Plaintiff did not seek the sale of defendant's property but only sought possession of it until defendant paid her past-due maintenance assessments. The historical comments to section 9.2 of the Condominium Property Act make it clear that, when a forcible entry and detainer action occurs,

the unit owner maintains title to the unit and the condominium association has the right of possession until the assessment amount owed is paid. Consequently, I would not conclude, as has the majority, that the principle of *inclusio unius est exclusion alterius* applies here because a forcible entry and detainer action is not listed in section 12—903 of the homestead statute as one of the instances under which an estate of homestead will not be exempt from *sale* of the property.

When the plain language of more than one statute is relevant to a given action, courts must determine which statute is more specifically applicable to the case at hand. *Scalise v. Zarate*, 303 Ill. App. 3d 718, 723 (1999). Here, I believe section 9—102(a)(7) of the forcible entry and detainer statute and section 9.2 of the Condominium Property Act are more specifically applicable to the case at hand than section 12—903 of the homestead statute. I find support for my position in the historical and practice notes set forth above. The purpose of section 9.2 of the Condominium Property Act is to provide a condominium association with a permissible and quick method for collecting unpaid assessments. That statute is specifically applicable to the instant case where the condominium association sought to evict a unit owner for failure to pay past-due maintenance assessments.

Accordingly, I would affirm the trial court's judgment.