# Illinois Official Reports

## Appellate Court

---

### *Hayward v. Scorte*, 2020 IL App (1st) 190476

---

| | |
|---|---|
| Appellate Court Caption | MICHELLE HAYWARD and JEREMY ANDERSON, Plaintiffs and Citation Petitioners-Appellees, v. ESTHER SCORTE, Individually; TEOFIL SCORTE, Individually; and 2XFORM, Inc., Defendants (Esther Scorte and Teofil Scorte, Citation Respondents-Appellants). |
| District & No. | First District, Sixth Division<br>No. 1-19-0476 |
| Filed | January 24, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-L-4543; the Hon. Alexander P. White and the Hon. Michael F. Otto, Judges, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Gino L. DiVito, John M. Fitzgerald, and Amanda N. Catalano, of Tabet DiVito & Rothstein LLC, of Chicago, for appellants.<br><br>Robert G. Markoff and Douglas C. Giese, of Markoff Law, LLC, of Chicago, for appellees. |

JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Cunningham and Connors concurred in the judgment and opinion.

## OPINION

¶ 1    Citation respondents, Esther and Teofil Scorte, appeal from the circuit court's order entered pursuant to third-party citations to discover assets, filed by plaintiffs, Michelle Hayward and Jeremy Anderson. On appeal, respondents contend that the trial court erred by (1) entering a conditional judgment against them where respondents appeared and answered the citations and (2) entering judgment against them in a citation proceeding where there was no evidence that respondents held assets of defendant corporation 2XForm, Inc. (2XForm), or that they transferred any assets after the citations issued. For the following reasons, we reverse and remand for further proceedings.

¶ 2                           I. JURISDICTION
¶ 3    The trial court entered its judgment against respondents on August 23, 2018. Respondents filed a motion to reconsider, which the court denied on February 7, 2019. They filed their notice of appeal on March 7, 2019. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered below.

¶ 4                           II. BACKGROUND
¶ 5    Plaintiffs hired 2XForm to be their contractor on a home remodeling project. Esther Scorte was the president of 2XForm and her husband Teofil served as the project manager. During the project, a dispute arose and both parties filed a demand for arbitration before the American Arbitration Association Construction Industry Arbitration Tribunal. The arbitrator found that 2XForm "substantially breached" its contract with plaintiffs and awarded damages in the amount of $444,844.04, plus judgment interest and court costs. The award was converted to a judgment on October 26, 2016.

¶ 6    On November 23, 2016, plaintiffs served citations to discover assets upon 2XForm as the judgment debtor and citations to discover assets to a third party upon Esther and Teofil, each individually. The third-party citations commanded that respondents produce the documents listed on the citation rider and appear in court. The citations stated that respondents' answers "will inform the Court as to property you may hold belonging to 2X FORM, INC." When 2XForm filed for bankruptcy on November 23, 2016, plaintiffs' citation proceeding was stayed. Their proceeding was reinstated on June 12, 2017, after the bankruptcy case closed.

¶ 7    On September 20, 2017, respondents filed answers to the citations. Esther's answer objected to requests for her, as an individual, to provide information or documentation she maintained in her capacity as director and officer of 2XForm, where 2XForm received an identical citation to discover assets and would comply with that citation in due course. Esther further answered that information sought from persons "other than the Judgment Debtor *** falls outside the scope of permitted discovery, as it is overly broad and not likely to lead to

discoverable assets and/or information leading to assets of the Judgment Debtor." Teofil answered similarly, and he also stated that he had none of the information sought by the citation.

¶ 8    In response to the citation, 2XForm produced documents and presented Teofil for examination as its designated agent with the most knowledge of the issues, facts, and circumstances regarding the matter. Teofil was also examined pursuant to the citation served upon him personally. Teofil stated that he was one of the project managers and that money received by 2XForm from any project was deposited into 2XForm's PNC Bank account. The company did not maintain separate accounts for each of its projects. Teofil had access and the ability to write checks on the PNC Bank account. During plaintiffs' project, Teofil stored materials, including concrete tread stairs and light fixtures, off-site at a location maintained by Halo Construction. After 2XForm was locked out of plaintiffs' project, Teofil allowed the materials to be discarded regardless of whether plaintiffs had paid for them. 2XForm received payment for services performed and, after being locked out of plaintiffs' project, transferred or assigned "credit" for such work to various other contractors. Teofil was paid for work performed for 2XForm but did not recall how much he received as a salary, nor was there a predetermined amount.

¶ 9    After Teofil's examination, plaintiffs' counsel received additional documents, including copies of checks issued by 2XForm, 2XForm's checking account ledger, W-2 statements issued for 2014, and invoices for work performed by 2XForm. Plaintiffs' counsel requested examination of Esther, both as an individual and as an officer of 2XForm. 2XForm refused to present Esther, stating that Teofil is the one with the most knowledge of the matter.

¶ 10   Plaintiffs filed their motion for conditional judgment against Esther and Teofil, individually, on March 29, 2018. The motion further requested that Esther and Teofil "show cause why such Conditional Judgment should not be converted to a Final Judgment against each of them, jointly, severally and individually, as a result of their wrongful conduct in converting or mismanaging both the operation and assets of 2XFORM to benefit themselves or others." In support, the motion alleged that plaintiffs obtained a judgment against 2XForm for $444,844.04. It further alleged that 2XForm submitted a false sworn contractor's statement that it had made a payment of $32,655.01 to Graybill, one of the suppliers for windows, which was never sent to Graybill.

¶ 11   The motion also alleged that 2XForm submitted inconsistent and improper sworn contractor statements. Specifically, sworn statement No. 1 indicated that 2XForm was the only contractor on site who completed work, including demolition, as of March 10, 2014. However, sworn statement No. 2, dated May 12, 2014, indicated that other contractors actually performed the work and that the percentage of work performed by 2XForm between March 10, 2014, and May 12, 2014, was reduced. Sworn statement No. 5, dated September 4, 2014, indicated that 2XForm transferred or assigned "credit" for work it performed on plaintiffs' project to other contractors. Plaintiffs alleged that as a result, 2XForm, through respondents, "improperly and fraudulently divested itself of its own assets to the detriment of" plaintiffs.

¶ 12   After plaintiffs filed their motion for conditional judgment, counsel for respondents offered to make Esther available for examination but plaintiffs' counsel did not take her examination at that time.

¶ 13   Respondents filed a response opposing the motion, arguing that plaintiffs failed to allege "that Mr. and Mrs. Scorte were in possession of property belonging to [2XForm] or wrongfully

conveyed said property to third parties, after they were served with citations to discover assets." They argued, among other things, that "[n]o authority exists under Section 5/2-1402 [(735 ILCS 5/2-1402 (West 2016))] for the imposition of a personal conditional judgment against a third-party respondent who has never controlled or possessed any property of a judgment debtor after being served with a citation." Furthermore, they argued that plaintiffs are required to file a separate petition to recover a corporate judgment debtor's property from other parties, on behalf of the judgment debtor, for use by plaintiffs. See 735 ILCS 5/2-1402(c)(3) (West 2016).

¶ 14    The trial court found that entry of a conditional judgment was proper because "Esther refused to sit for her citation examination and Teofil provided false Sworn Contractor Statements and further failed to provide an accounting of how Plaintiffs' funds were spent." The fact that Esther failed to sit for her examination "provides the Court with sufficient grounds to enter a Conditional Judgment against Esther." The court found sufficient grounds to enter a conditional judgment against Teofil "for his failure to fully and completely respond to the Citations." The court reasoned that plaintiffs have the right in citation proceedings to ask questions of third parties in order to discover assets of the judgment debtor, and "[i]t is not enough for the Respondents to say they do not have assets." The court concluded that "[t]he only way Plaintiff[s] will be provided enough information to request turnover from Teofil and Esther here, pursuant to Section 2-1402(c)(3) is if they comply with their third party citations and Esther sit for a personal examination."

¶ 15    The court also found that plaintiffs have shown that "both Respondents are indebted to Plaintiffs" by converting funds that belonged to plaintiffs and by having 2XForm divest itself of its own assets by transferring credit for work it performed "to various other contractors." The court determined that plaintiffs "have presented a *prima facie* case that they are entitled to a Judgment for all proceeds *** as a result of the conversion or embezzlement of Respondents, both of whom are admitted-to-be agents of" 2XForm. The trial court found it had the authority to enter the judgments under section 2-1402(c)(3) and (6) (*id.* § 2-1402(c)(3), (6)). Plaintiffs issued and served a summons after conditional judgment against both Esther and Teofil. On August 23, 2018, after they failed to appear in court, the trial court entered separate final judgments against Esther and Teofil for the full underlying judgment amount of $537,095.33 plus costs.

¶ 16    Respondents filed a motion to reconsider the final judgments.[1] The trial court denied the motion to reconsider, finding that although respondents appeared and answered the citations, "appear and answer means fully answer. And here the point of the conditional judgment was to put citation respondents on notice that the court did not believe that they had fully answered." The court found that section 2-1402(k-3) (*id.* § 2-1402(k-3)) provided a basis for the judgments against Esther and Teofil as individuals.

¶ 17                                    III. ANALYSIS
¶ 18    The trial court entered judgment against respondents because they (1) did not fully answer the citations and (2) converted assets that belonged to plaintiff and transferred credit for work 2XForm performed to other contractors. The issue here is whether section 2-1402 authorized

---

[1]Although Judge White issued the conditional and final judgment orders, Judge Otto heard and decided the motion to reconsider because Judge White retired.

the trial court to enter the conditional judgment below. This issue involves a question of statutory interpretation that we review *de novo*. *National Life Real Estate Holdings, LLC v. Scarlato*, 2017 IL App (1st) 161943, ¶ 19.

¶ 19 Plaintiffs obtained a $444,844.04 judgment against 2XForm in the underlying action. As judgment creditors, plaintiffs chose to enforce their judgment through supplementary proceedings pursuant to section 2-1402 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1402 (West 2016)). The legislature enacted section 2-1402 to provide an efficient and expeditious process for the discovery of a judgment debtor's income and assets and to compel application of those assets to the payment of the judgment. *Bank of Aspen v. Fox Cartage, Inc.*, 126 Ill. 2d 307, 314 (1989).[2] These proceedings also allow plaintiffs to find any assets of the judgment debtor being held by third parties and apply those assets to satisfy the judgment. *R.&J Construction Supply Co. v. Adamusik*, 2017 IL App (1st) 160778, ¶ 7. To initiate supplementary proceedings against third parties, they are served with a citation to discover assets. 735 ILCS 5/2-1402(a) (West 2016).

¶ 20 Our primary objective in construing a statute is to ascertain and give effect to legislative intent. The best indicator of that intent is the plain and ordinary meaning of the statutory language. *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 25. Section 2-1402 does not explicitly authorize the trial court to enter conditional judgments against third party citation respondents. Plaintiffs contend, however, that the trial court had the authority to enter conditional judgments against respondents pursuant to section 2-1402(k-3), where Esther failed to submit to an examination and Teofil did not fully answer the citations. Subsection (k-3) provides that a court "may enter any order upon or judgment against the respondent cited that could be entered in any garnishment proceeding under Part 7 of Article XII of this Code." 735 ILCS 5/2-1402(k-3) (West 2016).

¶ 21 In a garnishment proceeding, "[w]hen any person summoned as garnishee fails to appear and answer as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor." *Id.* § 12-706(a). This nonfinal conditional judgment may be confirmed later if the garnishee fails to answer and appear after served with a summons containing notification of the default. *Id.* However, "[i]f the garnishee appears and answers, the same proceedings may be had as in other cases." *Id.* Thus, if the garnishee appears and answers after being served with the summons, he or she is not barred by the prior default and is entitled to further proceedings. *Scalise v. Zarate*, 303 Ill. App. 3d 718, 724 (1999). " '[T]he single purpose served by the conditional judgment is the protection of a garnishee from the consequences of one oversight.' " *Id.* (quoting *Coleman Financial Corp. v. Schuddekopf*, 89 Ill. App. 2d 150, 153 (1967)). When the garnishee does appear and answer, there is no oversight. *Id.*

¶ 22 We are mindful that the garnishment statute is distinct from section 2-1402, and the remedies available in one statute cannot be invoked in proceedings under the other without following "the necessary steps set out by the statute." *National Home, Inc. v. American National Bank & Trust Co. of Chicago*, 16 Ill. App. 2d 111, 116 (1958). Furthermore, although section 2-1402(k-3) authorizes the trial court to enter any order or judgment that could be

---

[2]The supreme court in *Bank of Aspen* looked at section 2-1402(d)(1) of a prior version of the statute (Ill. Rev. Stat. 1985, ch. 110, ¶ 2-1402(d)(2)), which is now section 2-1402(f)(1) (735 ILCS 5/2-1402(f)(1) (West 2016)).

entered in any garnishment proceeding under part 7 of article XII of the Code, the subsection does not grant the trial court broader powers than it would have in a garnishment proceeding. Subsection (k-3) explicitly states that it "shall be construed as being declarative of existing law and not as a new enactment." 735 ILCS 5/2-1402(k-3) (West 2016). It follows that if the trial court did not have the authority to enter a conditional judgment against respondents under the garnishment statute, it could not do so pursuant to section 2-1402(k-3).

¶ 23    Here, the trial court acknowledged that respondents filed an appearance and answered the citations. Thus, there was no oversight on the part of respondents, and they were not in default pursuant to section 12-706(a) of the Code. Although the trial court found that respondents failed to give full and complete answers to the citations, section 12-706(a) states only that the court may enter a conditional judgment against a garnishee who "fails to appear and answer" the summons. *Id.* § 12-706(a). Courts will enforce clear, unambiguous statutory language as written and will not read into its exceptions, conditions, or limitations not expressed by the legislature. *Ryan v. Board of Trustees of the General Assembly Retirement System*, 236 Ill. 2d 315, 319 (2010).

¶ 24    Furthermore, another section of the statute addresses this precise situation. Section 12-711(a) provides that "[t]he judgment creditor or the judgment debtor may contest the truth or sufficiency of the garnishee's answer and the court shall immediately, unless for good cause the hearing is postponed, proceed to try the issues." 735 ILCS 5/12-711(a) (West 2016). Courts view all provisions of a statute as a whole; when two or more provisions relate to the same subject, they "are presumed operative and harmonious and should be construed with reference to each other to give effect to all the provisions if possible." *People v. Chapman*, 2012 IL 111896, ¶ 27. Read together, in a garnishment proceeding, the court may enter a conditional judgment if a garnishee fails to appear and answer the summons. If the garnishee does appear and answer, but the judgment creditor or debtor contests the truth or sufficiency of the answer, the trial court "shall immediately *** proceed to try the issues."

¶ 25    The trial court below entered conditional judgments against respondents pursuant to subsection (k-3) because it found that although respondents appeared and answered, they did not fully answer the citations. The unambiguous language of the garnishment statute, however, does not authorize the trial court to enter a conditional judgment where a party appears and answers but his answer is insufficient or incomplete. Since there is no allowance for a conditional judgment under these circumstances in the garnishment statute, the trial court had no authority to enter the judgment pursuant to section 2-1402(k-3).

¶ 26    The trial court also found that it had the authority to enter judgment against respondents under section 2-1402(c)(3) and (6). When assets of the judgment debtor are discovered, the court may compel a third party

> "to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement." 735 ILCS 5/2-1402(c)(3) (West 2016).

Section 2-1402(c)(6) authorizes the judgment creditor to maintain an action against a third party, if there is evidence that the party is indebted to the judgment debtor, for recovery of that debt. *Id.* § 2-1402(c)(6). Although these actions are authorized against third parties, the focus in a citation proceeding is on the discovery of the judgment debtor's assets and compelling

third parties indebted to the judgment debtor to deliver those assets. *Business Service Bureau, Inc. v. Martin*, 306 Ill. App. 3d 907, 910-11 (1999).

¶ 27 Accordingly, these provisions concern certain identifiable assets of the judgment debtor held by third parties. Subsection (c)(3) applies to converted or embezzled assets, or "the proceeds or value thereof," which the judgment debtor may recover from the third party in a conversion or embezzlement action. 735 ILCS 5/2-1402(c)(3) (West 2016). If there is evidence that the third party is indebted to the judgment debtor, subsection (c)(6) authorizes the creditor to maintain an action against the third party "for the recovery of the debt." *Id.* § 2-1402(c)(6). These provisions do not authorize the court to enter the full underlying judgment against third parties without finding that the amount represented certain converted or embezzled assets of the judgment debtor or an amount the third party was indebted to the judgment debtor. The trial court made no such findings here. Rather, the court merely determined that plaintiffs "have presented a *prima facie* case that they are entitled to a Judgment for all proceeds *** as a result of the conversion or embezzlement of Respondents." The trial court erred in entering judgment against respondents pursuant to section 2-1402(c)(3) and (c)(6).

¶ 28 Section 2-1402 explicitly sets forth only one circumstance in which the court may enter the full unpaid amount of the underlying judgment against a third party. When the citation is directed against a third party, the underlying judgment becomes a lien "upon all personal property belonging to the judgment debtor in the possession or control of the third party." *Id.* § 2-1402(m)(2). Subsection (f)(1) prohibits a third party from transferring or disposing of, or interfering with, property belonging to the judgment debtor that is not exempt from enforcement of the underlying judgment. *Id.* § 2-1402(f)(1). The court may punish a party who violates this restraining provision by "enter[ing] judgment against him or her in the amount of the unpaid portion of the judgment *** or in the amount of the value of the property transferred, whichever is lesser." *Id.* Subsection (f)(1) ensures that such person who

> " 'attempt[s] to impede the administration of justice, and places the [judgment debtor's] property beyond the reach of the court, *** will be punished either by having a judgment entered against him for the amount of the judgment creditor's claim or the value of the property, whichever is less, or may be punished as and for contempt.' " *Bank of Aspen*, 126 Ill. 2d at 314 (quoting Ill. Ann. Stat., ch. 110, ¶ 2-1402, Historical and Practice Notes, at 867 (Smith-Hurd 1983)).

¶ 29 The trial court found that 2XForm transferred or assigned "credit" for work it performed on plaintiffs' project to other contractors, thus "improperly and fraudulently divest[ing] itself of its own assets to the detriment of" plaintiffs. Transfers of a judgment debtor's assets, after citations are issued, violate the restrictive provisions of the citations. *Bank of America, N.A. v. Freed*, 2012 IL App (1st) 113178, ¶ 24. However, the lien established under section 2-1402 "does not affect the rights of citation respondents in property prior to the service of the citation upon them." 735 ILCS 5/2-1402(m) (West 2016). Where a property transfer occurs prior to the initiation of citation proceedings, that evidence cannot support a finding that the respondent possessed those assets under section 2-1402. See *Schak v. Blom*, 334 Ill. App. 3d 129, 133-34 (2002). The citations to discover assets were issued to respondents on November 23, 2016. Plaintiffs based their allegations of improper transfer on information contained in sworn contractor statements dated May and September of 2014. There is no evidence that the transfer or assignment of credit took place after the commencement of citation proceedings. As such,

subsection (f)(1) does not support entering judgment against respondents in the amount of the unpaid portion of the underlying judgment.

¶ 30    Finally, there is no evidence that Esther or Teofil possessed the assets of 2XForm. The relevant inquiry in a citation proceeding is whether third parties possess "assets of the judgment debtor that should be applied to satisfy the judgment." *Id.* at 133. If the record contains some evidence that the third party holds assets of the judgment debtor, "[o]nly then does the citation court have the jurisdiction to order that party to produce those assets to satisfy the judgment." *Id.* If the record shows that the third party holds no assets of the judgment debtor, "then the court has no authority to enter any judgment against the third party in a supplementary proceeding." *Id.*

¶ 31    *Lange v. Misch*, 232 Ill. App. 3d 1077 (1992), is instructive. Paul Misch, an attorney, engaged in several business transactions with Wallace Lange beginning in 1985. At all times during these transactions, Lange suffered from Alzheimer's disease which affected his capacity to make rational decisions. *Id.* at 1078. Lange, through his guardian, filed a complaint against Misch individually, and against United States Capital Corporation of Delaware (USCC-Delaware) and United States Capital Corporation of Arkansas (USCC-Arkansas), alleging various claims on promissory notes. The complaint alleged that Misch controlled and dominated the corporations, failed to keep proper corporate records or maintain separate legal and financial integrity of the corporations, and commingled corporate funds with his own. *Id.* at 1077-78.

¶ 32    The defendants failed to appear, and the court entered default judgments against them. *Id.* at 1079. On the motions of Misch and USCC-Delaware, the court subsequently vacated the default judgments against them. However, no one appeared for USCC-Arkansas. In pursuing the judgment entered against USCC-Arkansas, Lange filed a petition for rule to show cause that alleged (1) Misch failed to appear in court pursuant to the citation to discover assets and (2) Misch failed to produce documents ordered by the citations. The trial court ordered Misch to produce certain documents and to appear before the court to show cause why he should not be punished for contempt. *Id.* When neither Misch nor his counsel produced the documents or appeared before the court, the court found that USCC-Arkansas was a sham and pierced the corporate veil, entering judgment against Misch. Misch moved to vacate the judgment, filing in support the articles of incorporation of USCC-Arkansas. The trial court denied the motion, and he appealed. *Id.* at 1080.

¶ 33    On appeal, the court found that the record contained no evidence that Misch, individually, possessed the assets of USCC-Arkansas, so that the trial court could "expand Lange's default judgment against USCC-Arkansas to include Misch." *Id.* at 1081. The court recognized that section 2-1402 may allow the trial court to enter a judgment against a third party in some circumstances. "However, before a court may do so, the record must contain some evidence that the third party possesses assets of the judgment debtor." *Id.* Although the court did not condone Misch's failure to obey court orders, it found that "a supplementary proceeding is not an appropriate vehicle to impose a judgment against a third party who does not possess assets of the judgment debtor." *Id.* at 1080. The court noted that Lange should have filed a separate petition to pierce the corporate veil and may still do so on remand. "Instead, the corporate veil was pierced at the supplementary proceeding, even though nothing in the Code authorizes the entry of a judgment at a supplementary proceeding against a third party who does not possess assets of the judgment debtor." *Id.* at 1081.

¶ 34 Here, the trial court found that 2XForm submitted a false sworn contractor's statement that it had made a payment of $32,655.01 to Graybill, one of the suppliers for windows, which was never sent to Graybill. This asset, however, did not belong to judgment debtor 2XForm. It belonged to plaintiffs or to Graybill. Even if the asset belonged to 2XForm, there is no evidence that Teofil or Esther possessed the asset. Plaintiffs also alleged that 2XForm allowed materials belonging to plaintiffs, including concrete tread stairs and light fixtures, to be discarded. However, there is no evidence that respondents are in possession of these materials. Although plaintiffs alleged that 2XForm did not maintain separate accounts for each of its projects, and Teofil had access to and the ability to write checks on 2XForm's account, there was no evidence that Teofil, individually, possessed the assets of 2XForm's account. Esther and Teofil were the officers/employees of 2XForm, a corporation. "A corporation is a legal entity separate and distinct from its shareholders, directors, and officers." *In re Rehabilitation of Centaur Insurance Co.*, 158 Ill. 2d 166, 172 (1994).

¶ 35 As in *Lange*, there is no evidence that Teofil or Esther, individually, possessed the assets of the judgment debtor 2XForm, so as to authorize the trial court to enter the underlying judgment against them in supplementary proceedings. Therefore, the trial court's order entering the full amount of the underlying judgment against Esther and Teofil was error. See *id.* If they so choose, on remand, plaintiffs may file a separate petition to pierce the corporate veil in order to hold Teofil and Esther individually liable for the judgment against 2XForm. *Lange*, 232 Ill. App. 3d at 1081.

¶ 36 The trial court's order noted plaintiffs' frustration in trying to discover whether Esther and Teofil held the assets of 2XForm. The court reasoned that plaintiffs have the right in citation proceedings to ask questions of third parties in order to discover assets of the judgment debtor, and "[t]he only way Plaintiff[s] will be provided enough information to request turnover from Teofil and Esther *** is if they [fully] comply with their third party citations and Esther sit for a personal examination." Although we reverse the trial court's order, plaintiffs here are not without recourse. In this situation, where evidence that Esther or Teofil held assets of 2XForm could not be discovered due to Esther's failure to sit for her examination and Teofil's failure "to fully and completely respond to the Citations," contempt proceedings provide a means to address dissatisfaction with their attempts at compliance. *Id.* at 1082.

¶ 37 IV. CONCLUSION

¶ 38 For the foregoing reasons, the judgment of the circuit court is reversed, and the cause remanded for further proceedings.

¶ 39 Reversed and remanded.